JOEL SMALL *v.* JAMES W. ZACHARIE and another.

Where the answer admits that a portion of the amount claimed is due, judgment may be obtained therefor, on motion, without a trial ; and the case be left open, as to the part in dispute.

Where respondents allege, " that they tendered to the plaintiff about, or at the maturity of the note, the sum" which they admit to be due, but without stating the manner in which the tender was made, or showing that the money was deposited as required by law, or denying the amicable demand and refusal to pay set forth in the petition, the plea will be considered informal and insufficient, and interest be allowed on the whole amount until finally paid.

The rule that a party, wishing to avail himself of the admissions of his adversary, cannot divide them, but must take them entire, does not apply to admissions in the pleadings ; but only to answers to interrogatories (C. P. art. 356,) or to judicial

confessions made according to art. 2270 of the Civil Code. Thus, where the debt is acknowledged but, a tender of the amount alleged, the plaintiff will be exempted from the necessity of proving his claim ; but as a matter of defence, the tender must be established by legal evidence, like any other fact tending to show a discharge from the obligation sued on.

Defendants admitting a part of the debt sued for to be due, pleaded a tender; and plaintiff having moved for a judgment for the amount so admitted, it was rendered without a trial, for that sum, with costs, leaving the case open as to the balance of the claim : On appeal *held,* that as to the costs, the judgment was premature ; that being thrown by law on the party cast, they should not be taxed before the final determination of the suit ; and that, should defendants prove the tender, and establish the other part of their defence, the costs must fall upon the plaintiff.

APPEAL from the City Court of New Orleans, *Collins,* J. The defendants, who were sued on their promissory note for $989,88, with costs of protest, and interest at five per cent, from its maturity, alleged a failure of consideration as to a part of the note, and represented " that they tendered to plaintiff about, or at the maturity of said note, the sum of $539,88, being all that in justice they were bound to pay, but that the said plaintiff refused to accept the same." On motion of the counsel for the plaintiff, judgment was rendered below, without trial, for the $539,88 admitted to be due, and for the costs of protest and of the suit, leaving the case open as to the balance of the claim. From this judgment the defendants have appealed.

*J. W. Smith,* for the plaintiff.

*T. Slidell,* for the appellants.

SIMON, J. The defendants are appellants from a judgment condemning them to pay a part of the plaintiff's claims, founded on a promissory note of the amount of $989,88, on which they allege that they owe only the sum of $539,88, which, they say is all that in justice they are bound to pay to the plaintiff, to whom they tendered said amount about, or at the maturity of the note sued on. The balance of the note is disputed on divers grounds set up in the defendants' answer, going to show a want or failure of consideration for the same to the amount of $450.

Judgment was rendered below for the sum undisputed, with interest and the costs of the suit ; and the case remained open for the balance of the claim.

The appellants complain, that the judgment was rendered against

them *ex parte*, and without evidence. They contend that as the admission contained in their answer was the only foundation of the judgment, that admission must be taken entire and cannot be divided; and that as it was accompanied by the allegation of a tender of the sum due at the maturity of the note, they cannot be made liable in their answer for any thing but the principal, and neither for interest, or costs.

There being no dispute as to the amount admitted to be due by the defendants' answer, judgment was properly rendered therefor, on the motion of the plaintiff's counsel. No trial was required for the sum admitted by the defendants. *Parsons et al.* v. *Suares*, 9 La. 412.

With regard to the interest, we think it was also properly allowed. Supposing that the admissions on which the judgment is based could not be divided, the plea of tender relied on by the appellants, is so informal, irregular and insufficient, that it cannot be taken as a compliance with the requisites of the law. Code of Practice, arts. 404, 407, 413, 415. Civil Code, arts. 2163, 2164. The manner in which the alleged tender was made is not stated, nor is it shown that the money was ever consigned as required by law; and the answer does not contain any denial of the amicable demand and refusal to pay set forth in the petition.

We must, however, remark, that under the doctrine recognized by this court, in *Diggs et al.* v. *Parish et al.*, 18 La. 8, the defendants could not, perhaps, be dispensed from proving their allegation of a real tender. As a matter of defence, it should be established by legal evidence, as well as any other fact tending to show their discharge from the obligation sued on, or that they are not liable to pay the whole, or part of the plaintiff's demand.

With respect to the costs of the suit, we are of opinion that the judgment appealed from was premature. Those costs, being thrown by law upon the party cast, should be the result of the final decision of the cause; and *non constat* that the defendants may not yet plead and prove the real tender of the amount by them admitted to be due in the manner prescribed by law, which, if they succeed in establishing the other branch of their defence, will necessarily throw the costs upon the plaintiff. As a general

rule, the costs should not be taxed before a final determination of the suit.

It is therefore ordered and decreed, that the judgment of the City Court be affirmed in all its parts, except with regard to the costs of the suit in the lower court; which are to remain undecided upon until the final decision of the suit; and that the appellee pay the costs of this appeal.