## W. BARRY v. W. KIMBALL et als.

A consistent answer which does not admit that a cause of action ever existed, can not dispense the plaintiff from proving his demand. On the other hand, an answer which admits that there was once a legal liability, but avers that by reason of new matter, set up by the defendant, his liability has been cancelled, imposes upon the party answering the burden of proving his new averments, and dispenses the plaintiff from making preliminary proof of his demand.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *Field & J. Henderson, Jr.*, for plaintiff. *Van Matre*, for defendant and appellant.

SPOFFORD, J. This is an action for the value of a slave, alleged to have been taken on board a steamboat, belonging to the defendant, without any right or authority, and against the consent or leave of the petitioner, whereby the slave was wholly lost to him.

The fine of $500, imposed by law, is also demanded for the illegal taking and carrying away of said slave from New Orleans on a steamboat without authority.

It would appear, therefore, that the plaintiff's intention was to base his action upon the highly penal statute of March 25th, 1840, (Session Acts, p. 89,) although the petition is not framed according to the phraseology of that Act.

The defendants answered that the slave in question, with the knowledge and consent of his master, the plaintiff, hired himself as fireman on board their steamer, for a voyage up Red River and back, at a fixed rate of wages, &c.

The only evidence that the slave was ever on board the defendant's boat, is the admissions of the answer. The District Judge severing those admissions from the simultaneous averment that the slave was there with his master's consent, gave judgment against the defendants for the value of the slave, because they failed to prove by two witnesses and corroborating circumstances, the authorization of the master.

The defendants have appealed, and insist that the allegations of their answer must be taken together, and that so taken they makes out no case for the plaintiff, who must, therefore, fail in his action for want of proper proof.

It has been said at bar that the adjudged cases upon this subject of judicial admissions, are irreconcileable. We find no necessary inconsistency, except upon one point, and that is, whether the pleadings in a suit are judicial confessions in the sense of the Article 2270 of the Civil Code. The case of *Diggs* v. *Parish*, 18 L. R., 10, intimates that they are not, and the case of *Hough* v. *Vickers*, 6 Ann. 724, implies that they are. Upon this point we do not choose to express an opinion now. For upon principles of logic, which form the basis of the rules of evidence, as well as upon the authority of the adjudged cases which are harmonious to this extent at least, a consistent answer which does not admit that a cause of action ever existed, cannot dispense the plaintiff from proving his demand.

On the other hand, an answer which admits that there was once a legal liability, but avers that by reason of new matters set up by the defendant, his liability has been cancelled, imposes upon the party answering the burden of proving his new averments, and dispense the plaintiff from making a preliminary proof of his demand. *Bryans* v. *Dunsette,* 1 N. S. 415 ; *Crummen* v. *Cavenah*, Ibid., 533 ; *Diggs* v. *Parish*, 18 L., 10; *Small* v. *Zachary*, 4 Rob. 144; *Hough* v. *Vickers*, 6 Ann. 724; *Poultney v. Cecil*, 8 L. 423.

Applying these principles to the case at bar, we find the plaintiff charging the defendant with a tort and a penal offence, to-wit: that of carrying off his slave on a steamboat, without his permission. The defendants respond, in substance, that they have never committed any tortious act, because they hired the slave as a fireman on board their boat with the plaintiff's permission. This amounts to a denial that there ever existed a cause of action, and therefore does not absolve the plaintiff from proving *aliunde* that the slave was found on board the defendants' steamer, in order to make out a *prima facie* case.

The answer being consistent throughout, and involving a denial of any liability towards the plaintiff ever having been incurred, it would be manifestly unjust, to pick out a phrase here and there, rejecting the surrounding matter, in order to infer a confession of guilt, when the party was all the while protesting his innocence.

There is then no proof of any portion of the plaintiff's demand, except such as absolutely refutes the inference of a legal liability on the part of the defendant.

But as the District Judge viewed this matter in a different light, and we are not ready to say that there is sufficient evidence to enable us to give a judgment for the defendants, we therefore accede to their prayer that the cause be remanded.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, and that the cause be remanded for a new trial, according to law, the plaintiff to pay the costs of this appeal.