November 13, 1905.

————————o————————

## No. 3720.

### (Court of Appeal, Parish of Orleans.)

### BENIAMINO GENTILE vs. E. G. SCHLIEDER.

1. Where the defendant, who is sued on three rent notes, in his answer, admits liability for the amount of one of the notes, and makes a tender of same, which the plaintiff accepts, but makes no averment that the tender is in full settlement of the entire claim against him, he cannot urge that plaintiff's acceptance of the tender operates as an acquiescence, and therefore a bar to an appeal from a judgment in which the plaintiff is cast as to two of the notes, and has judgment for the note for which defendant has admitted his liability.
2. Where the lessor obligates himself to make certain specified repairs to the premises leased, the repairs to be completed by the time the lease is to begin to run, but fails to do so, the contract containing no liability clause for non-performance, and the lessee failing to put the lessor in default, the former cannot be heard for a remission nor a diminution.
3. Where the lessee, by his own act, causes a change in the original specifications and jointly contracts with plaintiff for the new work, which unavoidably causes delay in the completion of the repairs, and carries it beyond the time at which the lease was to begin, he will be held to have had possession of the premises and as liable for the rent, as though the building had been completely repaired by the time fixed for the lease to run.

Appeal from Civil District Court, Division "D."

Harry H. Hall, for Plaintiff and Appellant.

Gustave Lemle, for Defendant and Appellee.

### ON MOTION TO DISMISS.

ESTOPINAL, J. On the 24th of March, 1904, the defendant

16

leased from the plaintiff certain premises in Iberville street, in this City, for the term of five years, beginning on the 1st day of June, 1904, and ending on the 31st day of May, 1909, at the rate of One Hundred and Twenty-five Dollars ($125.00) per month for the first three years of said lease, said rental being payable monthly on the last day of each and every month, and represented by sixty rent notes made by the lessee, payable to plaintiff.

The lessee failing to take up or pay the first three notes, to-wit: Those falling due on July 1st, August 1st; and September 1st, 1904, plaintiff filed a suit against the defendant for Three Hundred and Seventy-five Dollars ($375.00) the aggregate of said three notes.

Defendant's answer avers that on the 1st of June, 1904, certain repairs which he alleges plaintiff had bound himself to make to the building were not finished, and that the place was in an uninhabitable condition, and could not be used for any purpose whatsoever?

Further answering the defendant admits that he was liable for the note maturing on the 1st of September, for the August rent, and accordingly, deposited in the registry of the Court, the sum of One Hundred and Twenty-five Dollars ($125.00), to pay said note, which he tendered the plaintiff.

Upon the trial of the case below judgment was rendered in favor of plaintiff for the sum of One Hundred and Twenty-five Dollars ($125.00), the amount admitted by defendant to be due, but rejecting his demand for the rent for the months of June and July. Plaintiff then took an appeal to this Court, during the pendency of which he filed a motion in the Lower Court on July 21, 1905, to be allowed to withdraw the said amount of One Hundred and Twenty-five Dollars ($125.00) from the registry of the Court.

Defendant urges in this Court that plaintiff's act in withdrawing and taking possession of said tender then in the registry of the Court, is virtually in acquiesence in the judgment of the Lower Court, and that in consequence his appeal should be dismissed.

If, in considering this question, this Court were to base its conclusions upon the brief and oral argument presented by counsel for the defendant with out reference to the pleadings in the case, it is foregone that the case would be with him, for it is

elementary that if the tender had been made intending that it should be in full settlement of plaintiff's claim, and the tender be accepted and withdrawn from the registry of the Court, the act would be considered an acquiesence in the judgment on his part, and the motion to dismiss must prevail.

An examination of defendant's answer shows, however, that he denies owing any rent for the months of June and July, but admits that he owes rent for the month of August, which he paid.

There is no averment in the answer that the money paid by defendant is in full settlement for the three months, but it is clearly and explicitly set forth therein that the money deposited and tendered by defendant is for the August rent, for which he admits his liability. This is in the nature of a confession of judgment for which a judgment could have been obtained by plaintiff without trial. The effect in the elimination of this part of the demand from the controversy, leaving the balance to be litigated for in the same manner as though the claim for the amount tendered had never formed part of the suit.

The jurisprudence of this State on the matter presented is no longer to be questioned, practically the same issue having been decided in the 2 Municipality, vs. Corning, 4 An. 407. Parsons, vs. Suarez, 9 La. 412. Small, vs. Zachary, 4 Rob. 144. Skinner, vs. Dammeron, 5 Rob. 448, and Conrad, vs. Burbank, 24 An. 17.

The motion to dismiss is without merit and is overruled.

## ON THE MERITS.

Plaintiff sued to recover the sum of Three Hundred and Twenty-five Dollars ($325.00), being the aggregate of three rent notes of One Hundred and Twenty-five Dollars ($125.00) each, drawn by defendant in favor of plaintiff as the rental for the lease of premises in Iberville street, this City. The lease was entered into on the 24th day of March, 1904, but was made to begin from the 1st day of June, 1904, from which the first note was dated, the lease to extend for a period of five years.

The plaintiff bound himself by an agreement which does not appear in the contract of lease, to certain repairs and alterations to the building, a long list of specifications being found in the record.

Answering, defendant avers, that 'when the lease was entered into the plaintiff obligated himself to make certain repairs and improvements to the leased premises and put the same in proper condition to answer the purpose for which it was leased, to-wit: a restaurant and saloon, and that June 1st., was agreed upon as the time from which the lease should begin to run. The parties to the same considered that the repairs could be finished by that time. He further avers that on the 1st of June, the repairs had not been finished, there being no flooring on the ground floor, the plastering being only partially finished, etc, etc, and that it was only in the latter part of July, that he was able to take possession, and avers that for these reasons he is absolved from the payment of two of said three notes sued on.

Defendant avers that he is liable for the rent note for the month of August, sued herein.

The Lower Court gave judgment in favor of plaintiff for the sum of One Hundred and Twenty-five Dollars ($125.00) being the amount of the note for the month of August rent, and rejected the plaintiff's demand as to the rent notes for June and July.

In view of the admission made by the defendant of his liability for One Hundred and Twenty-five Dollars ($125.00), and the judgment for the Court a qua, which is corrected, this Court is now concerned with the question of the notes for June and July; that of August being eliminated.

In our opinion the determination of the question at issue, must be based largely upon the facts elicited upon the trial of the cause, because, the contract of lease due to its brevity, perhaps designedly so, does not contain those clauses and conditions which would make clear the purpose and intentions of the parties to it. For instance, it is true that the contract recites that the lease shall begin to run from the 1st of June, yet there is nothing contained therein indicating that plaintiff shall suffer the loss of rent for non-performance, or that the defendant shall enjoy any diminution of rent by reason of that non-performance.

It is evident that the plaintiff intended that the defendant should take possession of the premises on the 1st of June, and that both he and the defendant believed that the repairs to be made by the plaintiff would be finished by that time.

The evidence satisfies us that the work called for under the specifications and contract entered into with the builder on the

24th of March, would have been completed, as the contractor himself testifies by the 1st of June, and perhaps earlier, had it not been for certain changes made at the instance of the defendant, which changes had the effect of stopping his work. These changes, we find, were made the subject of a contract, between defendant and one Babin, the same whom plaintiff contracted, as late as the 12th of April. It is shown that the plaintiff had nothing to do with these alterations, and that they were done altogether at the instance of the defendant.

Babin, the Contractor, is asked:

Q. What effect did that contract thus made with Mr. Schlieder and his sub-tenants (Schlieder having in the meantime sub-let the premises), have upon your finishing the original contract made by you?

A. Well, this made the delay in my contract, and there was some work we had to stop and re-order some of it, which made some delay.

Q. Examine the Document "P-4" which purports to be a deed of Joseph Zimmermann to Mr. Gentile, for the laying of a tile floor for Four Hundred and Sixteen Dollars ($416.00), and laying vitrified sewer pipe in the wall for Thirty-five Dollars ($35.00). What effect did that have on your completing your work?

A. This was the main delay.

Q. Why?

A. Because it took so long to get the tiles there, and I had to stop my work until he got through.

Q. If it had not been for the changes made in the front of the building and in laying the tile flooring, could you have finished and would have finished your work in the time stated?

A. I would have finished probably earlier than the time which was agreed upon.

Q. Earlier than the 1st of June?

A. Yer sir.

Q. You were going to put down, under your original contract, as appears thereby, a wooden floor?

A. I was to repair the wooden floor which was there already.

Q. And that would have taken comparatively a short time?

A. Yer sir.

On cross-examination, however, this witness admits that he

20

could have completed the work by the 1st of June, notwithstanding the alterations contracted for with the defendant, maintaining however, that he could not do so by reason of the greater change in the original contract with the plaintiff, to-wit: from a wooden to a tile floor.

The record shows that the change in the original specifications, from a wooden to a tile floor, was made at the instance of the lessee, the defendant here, who was urged to do this by his sub-lessee; and that they prevailed upon the plaintiff to agree to the change. This was a change in the repair work which plaintiff had bound himself to pay, and the question of the increase in cost from a wooden to a tile floor, naturally caused a hitch.

Plaintiff at first agreed to contribute Two Hundred Dollars ($200.00), but the defendant and his sub-tenant, who were to contribute to the work, refused plaintiff's offer, and told him to put in the wooden floor. Plaintiff then increased the amount that he was willing to contribute to Two Hundred and Fifty Dollars ($250.00), then to Three Hundred ($300.00), and finally to Three Hundred and Seventy-five Dollars ($375.00), which last figure being agreeable to defendant, all parties to the lease entered into a contract with one Zimmermann, to put in a tile floor and some schillinger work.

Plaintiff testifies:

Q. How much did you pay out of your own pocket for this tile floor?

A. Three Hundred and Seventy-five Dollars ($375.00).

Q. There is a contract here, or rather, a bid made by Mr. Zimmermann marked "P-4," addressed to you. Was there any other bid like that made to anyone else?

A. No sir.

Q. Did Mr. Zimmermann make a bid to these tenants?

A. Yes sir.

Q. Just like this "P-4?"

A. Yes sir.

Q. How much did you pay and how much did Mr. Schileder pay?

A. I can't tell you how much it was.

Q. But you paid Three Hundred and Seventy-five Dollars ($375.00).

21

A. Yes sir, I paid Three Hundred and Seventy-five Dollars ($375.00).

Q. Were you asked to reduce any part of your rent when you made this work?

A. No sir.

The lease between Schlieder, the defendant, and his sub-lessees, having been entered into and signed as late as May 10th, 1904, just twenty days of the 1st of June, the time fixed for the completion of the work, we take it that the suggestion for the change from wooden to the tile floor must have been agreed upon between the 10th of May, and June 1st.

It is in evidence that there was yet time to complete the wooden floor before the 1st of June.

Defendant must have known that the work would be delayed beyond the 1st of June, but agreed to the tile floor.

The tiles for the floor arrived in the City about the middle of July, and it is not shown that plaintiff was responsible for their non-reception at an earlier date. The delay appears to have been unavoidable. The defendant and his sub-tenants were parties to the contract for this tile work, and it was as much defendant's as plaintiff's.

In this connection, counsel for plaintiff, in his argument on brief, treats the question most conclusively we think, as follows:

"The building, but for delay in receiving tiling, would have been completed June 1st. In asking for the tiling, if defendant wished a guaranty of completion by June 1st or remission of rent in the alternative, he should have asked for it. Had defendant done this work at his own expense he could not have complained of non-use of the building.

"The contract with Zimmermann was made equally with him and defendant. So that if this possession on June 1st was interfered with by work prosecuted, that work was done as fully at his instance as though he had ordered it done at his own cost and without consulting plaintiff.

"Delivery of possession was as complete, as between plaintiff and defendant, while Zimmermann was laying the tiles as at any subsequent time. Zimmermann's possession

was defendant's possession, and the sub-lessee was daily in the building."

The codal provisions quoted by counsel for defendant are without application in the face of the alterations in the original specifications to which he became a party. The work was no longer the plaintiff's, his obligation being shared by the defendant, who, as a matter of fact, was as much in possession of the premises all the while as the plaintiff himself.

Plaintiff appears to have been fair and liberal in his transactions with defendant, showing good faith all along, and the facts presented, showing convincingly as they do, that his failure to finish work on and deliver the leased premises by June 1st was due by the voluntary affirmative act of the defendant, we do not feel warranted in causing him the loss of the rental which he now claims.

Such a step would not have availed the defendant in this case, since he was as much in possession as he could be by reason of the fact that his own contractor was doing the repair work, yet the jurisprudence in this State is: that the lessor must be put in defaut for failure to complete repairs or else he loses his right to recover. The plaintiff does not appear to have been put in defaut, and the reason is obvious.

The expensive repairs made by the plaintiff at defendant's suggestion have undeniably greatly improved plaintiff's property, but they have also inured greatly to the benefit of the defendant, who has sub-let the premises at a figure considerably in excess of the rental which he pays the plaintiff. It appears to us that he is without right to complain, and there was error in the judgment of the Lower Court.

It is therefore ordered, adjudged and decreed, that there now be judgment in favor of plaintiff and against defendant for Three Hundred and Seventy-five Dollars ($375.00), subject to a credit of One Hundred and Twenty-five Dollars ($125.00), and as amended the judgment of the Lower Court is affirmed.

November 27, 1905.

Rehearing refused Feb. 5, 1906.