Dorsett vs. Scott, et als.

---

No. 13,101.

ORAN DORSETT vs. B. F. SCOTT; B. F. SCOTT vs. ORAN DORSETT.

## SYLLABUS.

Originally, the action was possessory. In subsequent proceedings, the action, without objection on the part of plaintiff in the possessory action was changed into an action of boundary, wherein the rights of the parties were considered and decided.

The plaintiff having waived his right, as set forth in the possessory action, could not ignore the suit to fix the boundary line and return to the possessory action.

While the Supreme Court expresses its views on certain issues, taken as a whole, the questions presented are not reviewable under Article 101 of the Constitution. The article was not intended to give a right of review, as if on appeal in all cases.

IN RE Oran Dorsett applying for *certiorari*, or writ of review, to the Court of Appeals, Third Circuit, State of Louisiana.

*R. J. Bowman, Andrews & Hakenyos* for Relator.

Submitted March 4, 1899.
Opinion handed down April 3, 1899.
Rehearing refused April 17, 1899.

The opinion of the court was delivered by
BREAUX, J. This was an application for a writ of *certiorari*, and to·
to have a judgment of the Court of Appeals reviewed, under Article
101 of the Constitution.

The relator, Dorsett, brought suit in the District Court to be pro-
tected, he averred, in his right of possession of a farm, against the
invasion and trespass of his neighbor, Scott. He alleged that he had.
been in peaceable possession of his farm for more than thirty years;.
that his neighbor, the defendant in the suit, was tearing down their·
dividing fence, and was erecting another dividing fence and taking
possession of a part of relator's land.

He averred, further, that the fence had been a boundary line for
more than thirty years, and that his right of possession can not be·
taken from him except by due process of law.

The relator's prayer is that defendant be enjoined from coming on
the land of petitioner; from preventing petitioner from rebuilding
the fence which he was tearing down; from building any fence on the·
land of petitioner, and preventing petitioner from removing any fence·
he may have built, and for damages.

Sometime after petitioner (relator here) filed an amended petition
alleging, substantially, that Scott had violated his injunction, and·
had torn down the fence.

Scott, the defendant in the suit, filed a general denial, and also
·special denial that he was attempting to erect any fence on the land
belonging to, or which was ever in the possession of the plaintiff, and
averred, specially, that he had built a fence on his own land, of which
he had been in possession for more than thirty years, and that the·
injunction which plaintiff had sued out was taken without cause.

In April, following January of 1898, Scott, the defendant in the·
suit of Dorsett vs. Scott, filed a suit in the District Court alleging
that he is. the owner of a plantation, and that Dorsett is the owner of ·
the tract adjacent to his own; that, some time since, there has arisen
a dispute as to the boundary between these said plantations; that in-·

1885, he and Dorsett, jointly, employed Bringhurst, parish surveyor, to establish the boundary between these two tracts of land, and when it was found that the line run deep into Dorsett's land, in order to avoid a law suit, and adjust the matter in a friendly way, he and Dorsett agreed to adopt as the boundary line the middle of the ditch, which had been dug years before, and while the two estates had been in possession of Thompson, the vendor, from whom each of the parties, by *mesne* conveyance, holds his land; that the two ends of the ditch were then marked by the surveyor by planting iron posts to mark the boundary as agreed on by them.

The petitioner further alleged that, at the request of Dorsett, he consented that the portion of the division fence, to be built by Dorsett for his convenience, should be built on his (Scott) petitioner's side of the ditch, and that recently, when said Dorsett had permitted his portion of the fence to fall into decay, and it became necessary to protect petitioner's crop from depredation from stock and cattle, for the fence to be rebuilt, he, petitioner, undertook to rebuild the fence along the line of division, and, altogether, on his side of the ditch, and in no way interfering with the land or rights of the said Dorsett, when he was met by an injunction restraining him from building his fence.

The prayer of the petitioner is that the middle of the ditch be recognized as the boundary line.

In this action defendant joined by filing an answer in which he alleged that the fence that Scott tore down and destroyed was built by him, Dorsett, at his own expense, years ago; that he had inherited the land included within the fence as a boundary, and of which he and his father had been in peaceable possession for more than thirty years, and that it was the boundary line between him and Thompson, from whom plaintiff acquired his land; that Scott tore down the fence against his remonstrances, and that instead of erecting his fence on the old line, he ran it across the old line and on the land of defendant for the distance of seventy or eighty yards in length, thereby disturbing the possession of defendant (relator here).

Relator, Dorsett, avers that the District Court found it impossible to try the two suits as a consolidated suit, although it appears that an order of consolidation had been previously issued; that in consequence of its not being possible to try the two suits together, the suit of relator, Dorsett, was taken up. Plaintiff, Dorsett, offered his evidence

in chief; defendant offered his evidence, and then plaintiff offered his evidence in rebuttal; that the same method was pursued in the case of Scott vs. Dorsett. It was agreed that the testimony taken in each case could be used as evidence in the other, as far as it was practicable. Relator avers that the district judge rendered a separate and distinct judgment in each case, but made the judgment he rendered in the case of Scott vs. Dorsett, the criterion by which he decided the suit of Dorsett vs. Scott. That he rendered a judgment in the case of Scott vs. Dorsett, decreeing that the middle of the ditch be the boundary, and in the trial of Dorsett vs. Scott, rejected his, relator's (Dorsett's) demand, with $100 damages.

Relator complains, in the first place, of the consolidation of the two suits. It was not alleged that he took a bill of exceptions to the court's ruling in consolidating the two cases. Moreover, the cases we gathered from the averments, were virtually tried separately, and it does not appear that relator's rights were prejudiced by the consolidation. With reference to the complaint that the court took the judgment rendered in one case as the basis for its judgment in the other, we think it sufficient to say the court could not well avoid taking its judgment in one suit as a basis for a judgment in another suit. Both cases had the same cause of action. All the rights of each of the parties were involved in each suit relating to the same subject matter.

The next complaint is that the issues were viewed as those arising in a boundary action, when, in reality, the action was possessory. Granted that plaintiff's action was possessory at first; we have seen that sometime after that action was brought, i. e., the suit by Scott to fix the boundary line, he, Dorsett, met the issues presented by Scott's action to fix the boundary line. He pleaded a general denial, and, in effect, consented to try the question of boundary, as we glean from the expressions of the answer. He did not interpose the least objection to the form, or even to the name of the action, which was, unquestionably, an action to fix a boundary.

After this, he had no right to return to his first suit, his possessory action, and claim a right of possession which he failed to claim in the action of boundary.

It being evident, in our view, that the issues were all merged in the action of boundary by the effect of the pleadings, we do not discover that there was an error in admitting verbal testimony going to show

that the boundary line had been fixed, as alleged by Scott in his action of boundary.

It is well settled that in an action of boundary, verbal testimony is admissible in re-establishing lines.

We have given the record before us our careful attention, and from it have gathered that there is no question of law to be reviewed, and no fact which we think we should consider on the application made. Toole vs. Minge, *In re* Ingersoll, etc., 50th Ann., 748.

It is therefore ordered, adjudged and decreed, that plaintiff's (relator's) application be rejected, and his action dismissed.

Rehearings, under a rule of this court, are not admissible in this class of cases.

Rehearing refused.