PROVOSTY, J.
This case is before us on writ of review to the Court of Appeal. Plaintiff’s main complaint is that the Court of Appeal treated her action as one in boundary, whereas it is one of possession, purely and simply.
Plaintiff and defendant own adjoining lots, separated by a fence. There is on defendant’s side of the fence one foot less, and on plaintiff’s side one foot more, than is called for by the titles. Defendant was proceeding to move the fence so as to conform with the titles, when plaintiff brought this suit. The prayer is that an injunction issue, and that the boundary be maintained where it has been heretofore. Had plaintiff relied upon her right of possession as the basis of this prayer, the action would have been possessory; but the right of possession comes into> existence only after the fact of possession, has lasted for a year, and we read the petition in vain to find an allegation of when-plaintiff’s possession began, or of how long-it has continued. After alleging her ownership, and giving the dimensions of her lot' according to certain plans she refers to and*, describes, but without specification of how or when she acquired the property, plaintiff’ alleges as follows; “That petitioner has been, and is now in possession of these measurements since date of purchase in good faith."’ This is the only allegation of the right of’ possession to be found in the petition. It” refers to the date of the purchase as being; that of the commencement of the possession,, but does not give this date, and this date is; not given elsewhere in the petition. So facas ascertainable from the face of the petition, plaintiff’s possession may have lasted for only one day. The petition then alleged nothing but the fact of possession. It did not allege the right of possession as a distinctive right in itself, contradistinguished from ownership. Alleging only the fact of possession, and not the right of possession, the petition, as a petition, in a possessory action, does not contain a cause of action. Therefore, for its sufficiency as a petition, it is dependent upon its allegation of ownership; and, as a consequence, plaintiff must *452 be held to hare been relying upon her ownership, and not on her mere right of possession, and the action must be held to have been an action in boundary, and not merely a possessory action.
On the question which party owns this foot of ground, there can be no serious controversy. The original owner of both lots sold plaintiff’s lot with a width of 24 feet, and afterwards sold defendant’s lot with a width of 26 feet; and he explains on the witness stand why he did it — in order that the windows of his house, which had been built within 6 inches of the line, might not be closed by the owner of the alienated lot. Thereafter the one lot was assessed as measuring 26 feet, and the other 24. Plaintiff’s lot, before reaching her, passed through four successive sales, and always by the same description of a width of only 24 feet. Therefore, whether the titles alone be considered, or also the parol and other evidence, the case is clearly with defendant.
Defendant, by her answer, set up title, and prayed to be decreed to be the owner, thereby really instituting the petitory action. She introduced her title in evidence without objection from plaintiff, and plaintiff, on her part, introduced her chain of titles back to the common author. Since the fence marked the limit of the possession, and there could be no dispute as to the extent of the possession, these titles were not thus introduced in aid of the proof of possession, but must necessarily have been offered in proof of ownership. Under these circumstances, the suit would have degenerated into one to fix the boundary according to the titles, even if originally it had involved merely possession. Dorsett v. Scott, 51 La. Ann. 892, 25 South. 544. But to clinch matters plaintiff pleaded the prescriptions of 10 and 30 years acquirendi causa. How, after all this, plaintiff can claim that the action is merely possessory, is more than we can understand.
So far as the prescriptions of 10 and 30 years are concerned, suffice to say the sale by the common author to plaintiff’s authors was less than 10 years before the filing of defendant’s answer.
There is no error in the judgment of the Court of Appeal, and the writ of review is now set aside at the cost of the relator.