No. 2779

Second Circuit

SLACK v. COFFEY

(February 24, 1927. Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Possession—Par. 6, 7; Petitory and Possessory Action—Par. 59; Reconvention—Par. 17.**

The filing of a reconventional demand showing that the defendant, the plaintiff in reconvention, had possession of a strip of land but was disturbed in that possession less than a year previous is, in effect, a possessory action and constitutes notice to the plaintiff that defendant's possession was not lost but disturbed.

2. **Louisiana Digest—Possession—Par. 6, 8.**

Possession obtained in contravention of a prohibitory law, namely Article 838 of the Civil Code, providing the method of fixing boundaries, produces no effect as against the adjoining land owner.

3. **Louisiana Digest—Injunction—Par. 18, 22.**

Under Article 298, Clause 5, of the Code of Practice, where plaintiff's legal possession of real estate has been disturbed but not lost, an injunction will properly issue.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

Action by Mrs. Elve M. Slack against Dr. E. W. Coffey.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Melvin F. Johnson, of Shreveport, attorney for plaintiff, appellee.

Looney & Logan, of Shreveport, attorneys for defendant, appellant.

ODOM, J. This is an injunction suit in which plaintiff seeks to restrain defendant from removing a fence between adjacent lots owned by them respectively and taking possession of a strip of ground, the ownership of which is in dispute.

There was judgment in the District Court in favor of plaintiff and defendant appealed.

## OPINION

Plaintiff and defendant own adjoining lots in the city of Shreveport. The tract of land of which these lots are a part was formerly owned by the late Judge Jack and Mr. Galloway. They platted the property, laid it off into city lots and sold the lots. This was done, we gather from the record, more than twenty years ago.

Soon after the property was subdivided into lots, there was erected a fence on what was understood to be the line between the lot now owned by Mrs. Slack, the plaintiff, and the lot owned by the defendant, Dr. Coffey.

The respective properties now owned by plaintiff and defendant changed hands a number of times, but the fence originally erected stood and was accepted by the adjacent proprietors as the dividing line between the two lots until July 1, 1924, more than twenty years. On that date, Dr. Coffey, defendant, not being satisfied with the location of the line as marked by the fence, without obtaining the consent of his adjacent proprietor, Mrs. Slack, and without having the line established as the Code provides, demolished the old fence and erected a new one on what he conceived to be the correct line.

There is some dispute as to whether he merely removed the old fence or whether he erected a new one, but we think that does not matter. The line which he established and on which he rebuilt the fence is from eighteen inches to two and one-half feet from the line where the old fence stood and is over on the property owned by plaintiff, if the line on which the old fence stood is the correct one, as claimed by plaintiff.

In other words, Dr. Coffey, the defendant, by establishing a new line and building a fence thereon added to his lot and took possession of a strip of ground extending from the front to the rear of the property, which strip of ground plaintiff claims belongs to her and which does belong to her if the old fence marked the correct boundary line.

The fence was removed by Dr. Coffey on July 1, 1924.

In the month of January, 1925, there being a dispute and more or less disturbance over the location of the line, Dr. Coffey brought suit against the adjacent proprietor in which he alleged that the boundary line between the lots had never theretofore been judicially established or fixed and that there were no ancient or other reliable signs, posts, stobs or other boundary marks to fix or indicate the same, and he prayed that experts be appointed in due course to fix the boundary

line and report, their findings to the court and that after all legal delays and due proceedings had there be judgment fixing and establishing the proper boundary.

That suit was promptly answered by Mrs. Slack, the defendant (plaintiff in this suit), and by her warrantors, in which answer they set up that Dr. Coffey had arbitrarily removed the old fence which was erected on the line established by mutual understanding and agreement by the original proprietors, and that in doing so he had trespassed upon and had unlawfully taken possession of their property, and they prayed that the plaintiff be required to remove the fence back to the original line which, they alleged, is the true one, and that Mrs. Slack be restored to possession of her property.

The suit, while filed in January, 1925, was not called for trial until March, 1925, and then, according to a statement in counsel's brief, upon motion of defendant.

The trial of that suit resulted in its dismissal as in case of non-suit on May 5, 1926. No appeal was taken by Dr. Coffey, the plaintiff.

Immediately following the dismissal of that suit, Mrs. Slack, the defendant there, plaintiff here, proceeded, over Dr. Coffey's objection, to remove the fence back to the original line; whereupon Dr. Coffey threatened and was about to begin tearing the fence down and removing it back to where he had put it on July 1, 1924.

Mrs. Slack then brought the present suit to restrain Dr. Coffey from again removing the fence and repossessing the strip of ground which she claims belongs to her.

A temporary restraining order was issued by the court and, upon hearing, was perpetuated. Dr. Coffey, the defendant, appealed.

The suit is defended by Dr. Coffey upon the sole ground that he had been in possession of the fence and ground for more than a year prior to the institution of this suit; and he urges that if plaintiff prevails in her suit the effect of the judgment will be to oust him of that possession by means of an injunction, which course is not sanctioned by the law.

While the removal of the fence has been much spoken of in connection with the suit, the real controversy between the parties is over the possession of the strip of ground above described.

Article 298 of the Code of Practice provides that an injunction may be granted (Clause 5):

"When the defendant disturbs the plaintiff in the actual and real possession which such plaintiff has had for more than one year, either of a real estate or of a real right, of which he claims either the ownership, the possession or the enjoyment."

Unless, therefore, the plaintiff in th's suit has been in possession of the strip of land in controversy for more than one year, she cannot maintain her action.

She claims that she has had such possession, and defendant contends that she has not but that, on the contrary, he, himself, has possession thereof, which possession dates back to July 1, 1924, when he removed the fence, or more than a year.

So that the case hinges on the question as to who had possession of the land when this suit was filed.

It is undisputed that plaintiff and her authors in title were in possession of the ground on July 1, 1924, and had been in possession thereof for something like twenty years, and that their right of possession had never been questioned up to that time. On the contrary, neither Dr. Coffey nor his authors in title ever had possession until July 1, 1924. In obtaining such possession as he now claims, Dr. Coffey, without authority and without legal sanction, tore down and removed the old fence, which was a landmark designating the boundary between his property and that of plaintiff, and took possession of the strip of ground in controversy. His possession was obtained in contravention of a prohibitory law, for Article 836 of the Civil Code reads:

"It is forbidden to every owner of lands to fix the limits between him and his adjoining neighbors, without giving them notice to be · present; and, without this formality, every such proceeding is null, and will produce no effect against his neighbors, who, besides, have their action for damages against him, if they have suffered any injury thereby."

The removal of the fence by Dr. Coffey in 1924 in the manner which it was done produced no effect as against the plaintiff.

But it is claimed on behalf of Dr. Coffey that in removing the fence he took possession not only of the fence but of the strip of ground as well, that he held possession for more than a year previous to the bringing of this suit, and that whether his possession was in good or bad faith it was such as to entitle him to his/ defense in this suit.

But let us see if Dr. Coffey had possession for more than a year previous to the date on which the present suit was brought. If he had possession for that length of time it was because plaintiff lost it for that time, for plaintiff was unquestionably in possession up to July 1, 1924. On that date Dr. Coffey took physical possession of the property, thereby disturbing plaintiff. Under the law he was a usurper and a possessor in bad faith. He doubted the validity of his title, as is shown by the fact that he brought suit in January following to have the boundary line judicially established. But, whether a possessor in good or bad faith, the fact is that he did take possession.

But Mrs. Slack did not lose possession on account of Dr. Coffey's illegal act. She was only disturbed in her possession. To be disturbed in possession is one thing; to lose it is quite another matter. One loses possession of real estate—

"if he leaves the person evicting him in possession for one year, without complaint."

Civil Code, Article 3456.

We find that Mrs. Slack registered most emphatically in less than one year a complaint against Dr. Coffey's disturbance of her possession. When he filed his suit to have the boundary between the properties judicially established, she promptly answered the suit, setting out specifically that Dr. Coffey had arbitrarily taken possession of her property without warrant, that he was a trespasser, and she asked that he be ordered to restore her possession. Her answer was filed on February 7, 1925, or seven months and seven days from the date on which Dr. Coffey disturbed her. That complaint, registered in a judicial proceeding in which Dr. Cof-

fey had made her a party defendant, was sufficient to prevent a loss of possession by Mrs. Slack. He had specific notice that she was protesting his right of possession.

Having been disturbed in her possession, Mrs. Slack could, within one year from the date of the disturbance, have brought a possessory action in order to be maintained in or restored to the possession.

Code of Practice, Articles 46 and 49.

If she had brought such a suit, whatever rights Dr. Coffey had to possess the property would have been suspended from the date on which the suit was served until the litigation terminated. If that were not the law, a defendant in a possessory action could hold possession during the pendency of the suit until the expiration of one year from the date of the disturbance and then defend on the ground that he had possessed for more than a year and thereby defeat plaintiff's action!

Mrs. Slack did not bring a possessory action against Dr. Coffey; but when he brought a suit against her involving this property, she answered, challenging his right of possession, and reconvened asking for judgment against him ordering him to restore to her the possession which she had. Her right to reconvene and make such demand in that case was not questioned by Dr. Coffey. Her reconventional demand was to all intents and purposes a possessory action. She alleged, in substance at least, in her answer and reconventional demand, that she had actual possession of the property at the time of the disturbance, that she had possessed quietly and without interruption for more than ten years, that she had suffered a

real disturbance, and that the disturbance took place on July 1, 1924, less than one year previous to the date on which she made the demand in reconvention. Her reconventional demand was not served, it is true, but she did not have to make service upon him to bring him into court; he was already there. The filing of the answer and demand was sufficient notice to him.

Driggs vs. Morgan, 10 Rob. 119.

Plaintiff in this suit has not lost possession of the property in controversy. She has only been disturbed.

Defendant relies solely upon the proposition that he had possessed the property for more than a year previous to the bringing of this action. His defense is without merit.

For the reasons assigned, the judgment of the District Court is affirmed, with costs.