No. 3285

Second Circuit

EBARBO v. STACEY ET AL.

(April 9, 1931. Opinion and Decree.)

Boone & Boone, of Many, attorneys for plaintiff, appellee.

Anna Judge Veters, of New Orleans, attorney for Federal Land Bank of New Orleans, plaintiff, appellee.

Fraser & Carroll, of Many, attorneys for defendant, appellant.

R. A. Fraser, of Many, attorney for defendant, H. T. Stacey.

McGREGOR, J. This is a possessory action, pure and simple. The plaintiff alleges that he has been in possession of a

certain tract of land north of a certain land line for over thirty-five years; that he has maintained his fence practically on this line for that length of time; and that the defendant H. T. Stacey owns the land immediately south of the said line. It is evident that the plaintiff and the defendant disagreed as to the correct location of the line between their respective lands. The defendant was not satisfied with the location of the line where plaintiff contended it was, and when they could not agree he employed the parish surveyor to locate it. The result was the location of the line north of where plaintiff had always contended it was. Over the objection of the plaintiff the defendant proceeded to build a fence on this new line, the full length thereof, thus depriving the plaintiff of the strip of land between the two fences. The plaintiff protested against this action of the defendant, and, as soon as the defendant had finished the fence and had taken complete possession of the strip of land between the two fences, the plaintiff filed this suit in the form of a possessory action. He asked, not only to be restored to the possession of the property, but for certain damages which he claimed on account of the disturbance of his possession. The defendant answered and denied each and every allegation of the petition, and then alleged that he had done all in his power to get the plaintiff to join with him in having the boundary line judicially determined. He then asked the court to order a judicial survey, which was done. In accordance with this order the parish surveyor in due time proceeded to make the survey of the line with both plaintiff and defendant present. The result of this survey was the location of the line where the defendant had built his fence. The surveyor then made a proces verbal and plat of his survey, had it witnessed by the legal number of witnesses, all in accordance with law, and filed the same in the clerk's office in the record of this case.

Subsequently, the Federal Land Bank of New Orleans foreclosed a mortgage which it held on the property, and at the sheriff's sale became the purchaser. The bank then sold the property to J. W. Anderson, present defendant. The plaintiff then filed a supplemental petition asking that Anderson be substituted as party defendant and asked for the same judgment against him as he had asked against the original defendant, H. T. Stacey. After an exception of no cause or right of action filed by the defendant Anderson was referred to the merits by the court, Anderson answered in about the same manner as Stacey had and called the Federal Land Bank of New Orleans in warranty on the ground that he had bought the property from the bank according to the line on which Stacey had built the fence, and asked that he have judgment against the bank for the loss of whatever land he might lose if the plaintiff should be given possession of the strip in controversy. The bank filed an exception and alleged that it sold to the defendant Anderson land "containing two hundred forty-three (243) acres, more or less"; that only eight or ten acres of land were involved in the strip in controversy, and that this eight or ten acres is less than one-twentieth of the two hundred forty-three acres, the proportionate deficiency legally required to support an action in diminution of price or a call in warranty founded thereon. It asked that the exception be sustained and that the call in warranty be dismissed. This exception was overruled, and default was entered against the bank, which made no future appearance in the case.

On trial in the lower court the defendants offered evidence concerning the line surveyed and established in accordance with the order of the court previously granted. All the testimony relative to this line was timely objected to by the plaintiff. It was admitted over this objection but subject to it. The ground of the objection to the introduction of this evidence was that it did in effect convert the possessory action into an action in boundary. The trial judge held that the action was a possessory action, and that it could not be converted into an action in boundary by the defendant, so, after he had admitted all the evidence relative to the survey and the establishment of the new line, he practically rejected it for the reason that a possessory action cannot be thus converted into an action in boundary by the defendant in his answer. The judgment of the court was in favor of the plaintiff, ordering the defendant Anderson to restore the possession of the strip of land in controversy to the plaintiff. All demands for damages were rejected, as well as Anderson's demand in warranty against the Federal Land Bank of New Orleans. From this judgment defendant J. W. Anderson has appealed.

When the defendant H. T. Stacey went over on the land that was in the actual possession of the plaintiff he was violating the law. If he was dissatisfied with the location of the line as contended for by the plaintiff, there was a legal remedy to which he had a right, an action in boundary, but instead of pursuing this remedy he took the law in his own hands, moved the line north, built his fence on it, and took possession of the strip of land that at that instant was in the actual possession of the plaintiff. To resist this aggression on the part of the defendant Stacey, the plaintiff, had two remedies, to-wit, the possessory action or the action in boundary. He chose the former. In this action he had to allege and prove (1) that at the instant of the disturbance he was in the actual possession of the land, and (2) that he had had this possession for more than a year. He alleged and proved both of these facts. His counsel appear to be extremely careful in their pleadings to bring and confine them strictly within the legal requirements of the law for the possessory action. Prior to the disturbance the defendant Stacey had a perfect right to bring an action in boundary to have the line established, but after the plaintiff had brought the possessory action the defendant could not convert the action into one of boundary. It is parallel with a case where a defendant holding a perfect title to a piece of land is prohibited from setting up this title in defense of a possessory action filed against him. The plaintiff in the possessory action may win, and, if he does, the defendant must comply with the judgment in the possessory action, even to the extent of paying damages, before he has the right to file a petitory action. In Wortham's Civil Procedure, on page 51, there is the following significant statement which emphasizes this principle:

"It is permitted to the defendant at no time to change the issue from possessory to petitory without the consent of plaintiff. He must wait until the judgment in the possessory action has become final; and, if he is condemned, he must satisfy the judgment before bringing a petitory action. This rule is so far carried that the defendant in a possessory action, who is the real and legal owner, must pay the plaintiff in possession damages for cutting and removing his own timber from land in plaintiff's possession before he can bring the petitory action."

The same principle applies to an action

in boundary. In the case at bar the line may rightly be north of where the plaintiff contends it is, but the matter of the correctness of a boundary cannot be inquired into or determined in a possessory action any more than the question of title. After the plaintiff has been restored to his possession of the strip of land in controversy, the owner of the land will still have a right to bring an action in boundary, and it is entirely possible that the line may then be found to be where the defendant Stacey built his fence.

But defendant Anderson contends that he did not create the disturbance on which the possessory action was based, and that, therefore, the suit cannot be conducted against him in that form, but that as to him it must be treated as an action in boundary. But one cannot be permitted to circumvent the rights of the plaintiff by simply selling the thing in dispute. When the Federal Land Bank of New Orleans foreclosed its mortgage against the defendant Stacey, it did not defeat plaintiff's possessory action already filed against him. It bought the property in at the sale subject to this suit and is bound by whatever judgment that is rendered. The same thing applies to defendant Anderson, who bought from the bank. He bought the land subject to the outcome of this suit. That being true, he was properly made a party defendant to this suit by supplemental petition. He could not in his answer change the suit into an action in boundary, but had to defend it as a possessory action, pure and simple. If, after the final determination of the suit and if, after he has restored the possession of the disputed strip of land to the plaintiff, he is dissatisfied with the location of the line between his property and that of the plaintiff, he still has the right to bring

an action in boundary against the plaintiff to have the line judicially determined. As to his call in warranty and his claim against the Federal Land Bank of New Orleans, the judgment of the lower court is correct, for the reason that the amount involved is less than one-twentieth of the amount called for in the deed.

For the reasons assigned the judgment appealed from is affirmed.