ODOM, Justice.
 

 The issues involved in these cases being identical, they are consolidated. Each of the plaintiffs owns a tract of land in Terrebonne parish fronting 3% arpents on Bayou DuLarge “by a depth of the survey.” They have owned and been in actual possession of their respective tracts for a number of years, certain portions of each tract being inclosed by fences.
 

 The parish board of school directors leased to the defendant, Alphonse Authement, section 16, T. 20 S., R. 16 E., for trapping purposes only. The boundary lines -of section 16 had not been established when the lease was made and Authement, the lessee, employed Baker Smith to establish them. According to his survey, each of the plaintiffs claimed and had in his possession parts of the sixteenth section. Baker Smith established the boundary lines of the sixteenth section without giving plaintiffs any notice and recorded no proces verbal of his survey. After the survey was made, Authement, the lessee of the sixteenth section, took possession of the entire sixteenth section according to the lines established by Smith, including certain portions of the-tracts claimed by plaintiffs. He posted the land, warning trespassers to keep off, set traps thereon for the season, and captured rats.
 

 Plaintiffs, alleging that the survey made by Smith was ex parte and therefore of no-effect, sued Authement, the lessee, Smith, the surveyor, and the school board' for damages for the trespass, for annoyance, for slander of title, etc. Henry Liner prayed for damages amounting to $4,000 and Stanley Liner asked for $4,250.
 

 The suits as to Smith and the school board were dismissed on exceptions and plaintiffs did not appeal. There was judgment in favor of each plaintiff against Authement for $100, from which defendant appealed. Plaintiffs, answering the appeal,
 
 *345
 
 asked that the amounts be increased to $1,-200.
 

 The district judge held that the boundary lines of section 16, as established by Smith, were not entitled to recognition in so far as these plaintiffs are concerned because they were not established according to law. This holding was correct because article 838 of the Revised Civil Code reads as follows: “It is forbidden to every owner of lands to fix the limits between him and his adjoining neighbors, without giving them notice to be present; and, without this formality, every such proceeding is null, and will produce no effect against his neighbors, who, besides, have their action for damages against him, if they have suffered any injury thereby.” See Slack v. Coffey, 6 La. App. 312.
 

 Smith, the surveyor employed by Authement, gave to these plaintiffs no notice that he intended to establish the boundary line between their property and section 16, and they were not present when the survey was made. The establishment of boundary lines between adjacent estates must be done in accordance with the provisions of the Civil Code. If those provisions are not complied with, the lines established are not binding upon the adjacent proprietors.
 

 The trial judge in his written opinion, after reviewing the testimony, said, “The net result is that it is impossible to determine just where, on the ground, are the limits of plaintiffs’ rear boundaries or the northern limits of Sec. 16. That being the case, it is accordingly impossible to determine what proportion, if any, of plaintiffs’ legitimate possession of trapping grounds were trespassed upon by Mr. Authement in his effort to force recognition of the Smith line as the boundary between them and Sec. 16. That condition leaves the court without a ‘yard-stick’ by which to estimate the value of the ‘rat catch’ that plaintiffs may have been deprived of because of Authement’s championship of the Smith line.”
 

 The court found, however, that the defendant, Authement, had actually taken possession of some of the property owned by plaintiffs and which they had possessed for more than a year. The district judge, in his written opinion, says: “The evidence also shows that the Smith line actually crosses these fences in the rear and that Mr. Authement posted it with ‘No Trespassing’ signs and warned plaintiffs to keep off, thereby handicapping them in the rise of the possession evidenced in them by the erection and maintenance of said fences for more than, a year. * * * Mr. Authement’s acts therefore amounted -to a trespass upon plaintiffs’ rights for which he must respond in damages independently of what, if any, use he may have made thereof.”
 

 Plaintiffs alleged and attempted to prove that defendant, through his conduct in depriving them of the trapping privileges for the season 1930-31, had caused them damage to the extent of the value of
 
 *347
 
 the trapping privileges. The court held that plaintiffs had failed to prove the value of the trapping privileges. The court’s holding in this respect is warranted by the testimony. Plaintiffs were each awarded damages in the sum of $100 for the trespass and their rights to recover additional sums were reserved to them in case they were able to establish in a subsequent proceeding the exact location of the boundary lines of their properties and the value of the trapping privileges of which they were deprived by the defendant.
 

 Under the law and according to the testimony which we find in the record, we think the judgment is correct and it is therefore affirmed.