**HARRISON v. BUTLER et al.**

No. 1583.

Court of Appeal of Louisiana. First Circuit.

March 23, 1936.

142

Ponder & Ponder, of Amite, for appellants.

Mary Purser, of Amite, for appellee.

LE BLANC, Judge.

Judged by the prayer of the petition, this is a possessory action. As incidental thereto, plaintiff asks for damages against the defendants, but the nature of the suit is possessory, pure, and simple.

The defendants, in answering, denied the allegations of plaintiff's petition in toto, and, assuming the position of plaintiffs in reconvention, asked for damages against her and also asked that the court appoint a surveyor to run and establish the line between the respective properties.

The lower court rendered judgment in favor of the plaintiff. The judgment recognizes her as the owner of the property and establishes the fence claimed by her as the limit of her possession, as the true line between the properties, and awarded her damages in the sum of $20. The defendants appealed and plaintiff answered praying for an increase in the amount of damages.

The petition sets forth every necessary element to support the possessory action. Plaintiff alleges her acquisition of the property with specific boundaries given. She alleges that she had real and actual possession, quietly and without interruption, for more than a year before the acts of disturbance complained of took place, and that said disturbances have occurred within twelve months preceding the filing of her suit. She sets out in detail the acts of the defendants which she claims constituted a disturbance, such as making demand on her tenant for rent and threatening to take possession of his crop; their pretending to be the owners of the property and going upon it, building a fence across it, cutting her fence, plowing the land, and gathering crops thereon. Her sole prayer is that she be restored to and that she be quieted in the possession of the property, and for damages in the sum of $527.

At the very incipience of the case, plaintiff, through her counsel, objected to the offer of any testimony on the part of defendants with regard to the survey which had been made under orders of the court, on the ground that the same would tend to convert the action from possessory to petitory, without her consent, which the law does not permit. The court referred the objection to the merits and heard the testimony. We think that the objection was well urged and should have been sustained. Testimony regarding the survey necessarily involved the question of title and ownership, all of which relate to the

petitory action. Code of Practice, art. 55, and its amendment by Act No. 202 of 1920, specifically prohibit the cumulation of the petitory and possessory actions, except by consent of the parties. Plaintiff's objection therefore should have been sustained and the parties restricted to the action in its original nature as possessory. Vidrine v. Vidrine, 14 La.App. 484, 130 So. 244.

Counsel for defendants insist that the issues in this suit are precisely the same as were those in the case of Brumfield v. Cryer (La.App.) 154 So. 662, where the answer of the defendant to a possessory action asked for a survey of the properties involved, and the lower court acting on the survey established the line, and this court affirmed the judgment on appeal. The statement of the case in the reported decision does not indicate that the action bore the earmarks of the possessory action, all of which are found in the present suit. The action seems to have been more in the nature of trespass. But what is more important still, there appears to have been no objection on the part of the plaintiff to defendant's attempt in that case to have made the action one for boundary, involving title to the properties, whereas here, the plaintiff has, by timely objection and protest, preserved her rights against conversion from her purely possessory action to one of any other form.

■Defendants make much of the point that the plaintiff claims only one acre of land, which in fact is the quantity of land recited in the deed by which she acquired, whereas the possession she claims, up to a certain line designated by a fence, includes a half acre more. We observe that this plaintiff is an elderly, illiterate negro woman who did not have the faculty of expressing herself as would have a more intelligent witness in regard to a rather complicated distinction as between what her title called for and what she actually had taken and held possession of. She had the right to offer her title to show the extent of her possession and the fact that it called for an acre of land only makes no difference in this proceeding as the description of the property is by metes and bounds and the sale therefore one per aversionem. "Sale in which specific boundaries are given is a 'sale per aversionem,' and conveys all land within boundaries given, whether measure be correctly stated in deed or not, as designation of boundaries control enumeration of quantity." Consolidated Companies, Inc. v. Haas Land Co., 179 La. 19, 153 So. 6; Harman's Heirs v. O'Moran, 18 La. 526. The extent of plaintiff's possession therefore, assuming she was in possession, included the whole tract of land as encompassed within the given boundaries, and cannot be affected by any acreage which she innocently says she claims by, while testifying.

■We think that the plaintiff has abundantly supported her claim to possession of the tract of land called for within the boundaries recited in her deed, and for a period longer than ten years. We believe also that she has amply shown disturbances in her enjoyment of the property by these defendants, some of their acts continuing up to the time that she filed her suit. Indeed there does not seem to be much dispute on this point and plaintiff is no doubt entitled to judgment maintaining her possession.

■On the demand for damages we think that this case presents features that are much alike to those found in the case of Vidrine v. Vidrine, cited supra, in which damages were allowed for illegal entry which in fact constituted a trespass. The acts committed in this case were not as wanton and aggravated as they were in the Vidrine Case, but they constituted a violation of plaintiff's property rights just the same. The actual damage suffered is rather hard to estimate. The district judge allowed $20 for damage to plaintiff's strawberry crop. Certainly that is not too much. She has shown some slight actual damage besides such as removing part of her fence, tampering with strawberry plants, for which, together with the unlawful entry committed, we will allow $30 additional, thus increasing the total amount to the sum of $50.

We find it necessary to revise and recast the whole judgment.

For the reasons stated, it is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and it is now ordered that there be judgment in favor of the plaintiff restoring her to and quieting her in the possession of the property as described by metes and bounds in the deed by which she acquired it and for damages against the defendants, jointly and in solido, in the full and entire sum of $50, with legal interest from date of judicial demand. Defendants, appellants, to pay all costs.