This is a possessory action in which plaintiffs, alleging themselves to be the owners and possessors of certain described property in Caddo Parish, Louisiana, claimed the disturbance of their possession on the part of defendants, owners of adjacent lands, specifically by the removal of a fence marking the boundaries between the respective properties of plaintiffs and defendants, and the building of a new fence on defendants' property. It is alleged that the new fence enclosed a strip of plaintiffs' land about 2,273.98 feet in length by about 20 feet in width on the south end and 100 feet in width on the north end.
[1] Plaintiffs' petition made all of the allegations required under the provisions of Article 49 of the Code of Practice, that is, a real and actual possession at the time of the disturbance, quiet and uninterrupted possession as owners for more than a year previous to the disturbance, a real disturbance in fact, and the bringing of the suit within the year in which the disturbance occurred.
Defendants filed exceptions of no cause and no right of action, which exceptions were overruled, whereupon defendants answered, and, after trial, there was judgment in favor of plaintiffs, from which judgment defendants have appealed.
Plaintiffs have answered the appeal praying that the judgment which maintained their possession and ordered the removal of the fence built by defendants be amended to the extent of ordering defendants to rebuild the old fence, and to the further extent of allowing attorney's fees.
Plaintiffs' petition, in addition to setting up the elements upon which the possessory action was based, in the alternative sought to set up an action in boundary. Although the record is not clear on the point it appears that plaintiffs abandoned the alternative action in boundary, and it is stated in brief of counsel for plaintiffs that the claim for attorney's fees was disallowed by the trial judge by reason of the fact that the claim for such damages was made in the alternative portion of plaintiffs' petition.
[2] Defendants here complain of error on the part of the trial judge in overruling their exceptions of no cause and no right of action, which exceptions were directed at the point that plaintiffs' petition improperly attempted to cumulate several inconsistent causes of action, and, further, that since the petition itself had set up the ownership of the property in the plaintiffs and the claim to the ownership of the strip alleged to have been wrongfully enclosed by defendant, the action must properly be regarded as petitory in nature.
Defendants' position is not well taken. Article 49 of the Code of Practice, which sets up the essential elements of a possessory action, specifically provides in Section 2 thereof that the person alleging possession must have had such possession "* * * by virtue of one of the titles prescribed in the forty-seventh Article * * *." Article 47, referring to parties plaintiff in a possessory action, provides "the possessors entitled to bring these actions are those who possess as owners."
Plaintiffs in the instant case have brought their possessory action as owners and have properly alleged the basis of their right of action as well as the incidents, namely, the building of a fence, which constitute the cause of such action.
Defendants relied, among other cases, upon Thompson v. Futral, 18 La. App. 685, 136 So. 654. In the cited case the facts are entirely different from those in the case at bar. True, the case concerned the building of a fence by defendant, but the point at issue was the establishment of title to the property enclosed. Under plaintiffs' petition such is not the issue in the case before us. These plaintiffs have carefully set up not only their ownership of the properties, but further the ownership by defendants of adjoining tracts. They did not assert any dispute as to title or ownership of the lands, nor did they request *Page 494 
in their prayer for relief any decree affecting title.
Similar distinctions can be made with respect to the other authorities cited by defendants, namely, Ganucheau v. Monnot,130 La. 463, 58 So. 150; Heideman v. Sequin, 110 La. 449, 34 So. 599; Ebarbo v. Stacey, 16 La. App. 248, 133 So. 793, none of which we find applicable. Nor do we find that the principles of law which are concerned with actions of boundary in Franz v. Mohr, La. App., 186 So. 114, and Hunter v. Forrest,195 La. 973, 197 So. 649, have any bearing on the matter before us.
Accordingly, we have no hesitancy in reaching the conclusion that the ruling of the trial judge on the exceptions was correct.
On the merits defendants contend that the character of possession shown by the evidence was not of the type required by law to sustain the possessory action.
[3] We find no merit in this claim. The testimony in the record is abundant and preponderates to such an overwhelming degree in substantiating plaintiffs' claims that we find no need for a detailed discussion of the evidence. Plaintiffs did not rely solely upon the testimony of a number of the plaintiffs who were interested parties, and whole testimony for the most part was clear and convincing, but further offered the testimony of a number of long-time residents of the community who were thoroughly familiar with all the facts involved, and whose testimony we regard as being conclusive. The district judge evidently found, as do we, that plaintiffs established beyond any reasonable question of doubt numerous incidents of continuous, quiet, peaceful and uninterrupted possession for far more than a year prior to the disturbance.
No attempt was made on the part of defendants to deny the actual fact of disturbance, the building of the fence.
On the facts we think there can be no question as to plaintiffs' right to be restored to and maintained in possession of the property described.
The only points which remain for determination are with reference to plaintiffs' claims to have the old fence, which was destroyed by defendants, rebuilt, and for the allowance of attorney's fees in the nature of damages.
It was stated both in oral argument and in brief of plaintiffs' counsel that the trial judge had indicated, in advancing his oral reasons for judgment, that the claim for attorney's fees was disallowed because of the fact that it was asserted in that portion of plaintiffs' petition in which he had set up the action of boundary as an alternative pleading, and, therefore, could not be considered as a proper element of damages of the possessory action.
We do not find it necessary in this instance to deal with this technical phase of the proposition advanced since, to our minds, the matter may be conclusively disposed of on other grounds.
Plaintiffs rely upon the authority of Liner v. Authement,182 La. 342, 162 So. 7, in support of their claim for attorney's fees. Careful examination of the cited case does not reveal to us that it has any application to this issue. The case was an action in trespass in which damages were claimed in substantial sums. The recovery of the nominal amount of $100 to each of the plaintiffs was allowed for the trespass, but there is no reference whatever to any allowance for attorney's fees.
In the case of Hoyt v. Smith et al., 187 So. 87, this court disallowed attorney's fees in an action of trespass. The able opinion by Judge Taliaferro discussed the various authorities bearing upon the allowance of attorney's fees and quoted the general rule that attorney's fees as an element of damages in civil cases are not ordinarily allowed. Damages were allowed in the cited case for the act of trespass.
The plaintiffs in the case at bar did not choose to proceed by an action of trespass, nor did they allege any claim for damages except with respect to attorney's fees.
[4] We do not find any authority for the allowance of attorney's fees in possessory *Page 495 
sessory actions, and, accordingly, such claims must be rejected.
[5] However, we conclude, under the facts, that the judgment of the lower court ordering defendants to remove the fence constructed did not serve to extend the full degree of relief to which plaintiffs are entitled. While the building of the new fence was unquestionably the incident of disturbance of plaintiffs' possession, we feel that the destruction of the old fence was also an illegal and unauthorized act on the part of defendants which they should be required to remedy.
For the reasons assigned the judgment appealed from is amended to read as follows:
It is ordered, adjudged and decreed that there be judgment hereby restoring the plaintiffs, Samuel T. Bryson, Robert P. Bryson, Eugene W. Bryson and A. Drake Bryson, to the possession of the
Northeast Quarter of Southwest Quarter, the North Half of Southeast Quarter and Southeast Quarter of Southeast Quarter of Section Four; the Southeast Quarter of the Northeast Quarter, and North Half of Southeast Quarter of Section Nine, Township Fifteen North, Range Sixteen West, Caddo Parish, Louisiana;
and hereby restoring the plaintiffs, Clara V. Lee Jernigan, Maggie R. Lee, Henry A. Lee, Foster Lee, Cleon E. Lee, Ethel Lee, Blanch Lee, Juanita C. Petras, Annie Opal Douglas, Dorothy Douglas, Addie Mae Beauford and Leon Everett Douglas, to the possession of the
Northeast Quarter of Northeast Quarter of Section Nine, Township Fifteen North, Range Sixteen West, Caddo Parish, Louisiana.
It is further ordered that defendants remove the fence recently constructed by them upon the western portion of the properties described and restore the fence theretofore existing along the western line of said property.
All other demands of the plaintiffs are hereby rejected.
All costs are to be paid by defendants.
And, as amended, the judgment is affirmed at appellant's cost.