CAVANAUGH, Judge.
This is a possessory action brought by the plaintiffs against the defendants in which plaintiffs seek to be restored to a strip of land 40 feet wide lying between a barrow pit and an old fence separating plaintiffs’ property from that of defendants.
The plaintiffs alleged that defendants on May IS, 1953, disturbed their possession of said tract by causing a fence to be erected along the approximate north .boundary of said forty odd foot strip and running in a westerly direction to the eastern edge of said pit, thereby depriving plaintiffs of their possession and use of said forty foot strip of land and further cutting off and blocking their ingress or egress from that portion of their property lying south of said pit. The plaintiffs further allege that the defendants own the property east of and adjacent to the land described in plaintiffs’ petition which they contend is Lots 13, 14, and 15 of the Map of the Village of Krotz Springs. The plaintiffs further allege that they and their ancestor have been in the actual corporeal possession of said property for more than a year at the time of the disturbance by the defendants.
The defendants answered the plaintiffs’ petition and admitted the ownership of plaintiffs of the land described in their petition but denied that the fence referred to created any division line between the properties and that as alleged in said petition.
The essential elements of a posses-sory action are: the plaintiff must possess as owner or as holder of some real right entitling him to bring the suit; he must properly describe the property in question; he must allege and prove that he, or his author in title, have had the real and actual possession of the property quietly and without interruption for more than one year prior to his having suffered a real disturbance; his possession must have existed at the time of the disturbance; and the suit must be brought within one year after the disturbance.
We conclude from our careful examination of the petition that it meets all the requirements of a possessory action. An examination of the answer shows that the defendants by their pleading inject the question of boundary but is a general denial of plaintiffs’ possession. Defendants do not plead possession in themselves or that the plaintiffs were precarious possessors.
The testimony offered by the plaintiffs is strictly confined to the question of possession and its duration and the alleged disturbance and the date thereof by the defendants.
The evidence of all of the witnesses show that the dividing fence between plaintiffs’ and defendants’ property was placed there in 1938 or 1939 and that Marcelin Ducote and his family lived on the place and he continuously farmed it until 1948. That his wife died on the place; that subsequently his children granted easement rights to the Missouri-Pacific Railroad Company to remove earth for a new railroad grade for the railroad of said railroad company; that the land was occupied by construction companies doing said work for said railroad and their equipment was stored on plaintiffs’ land; that their occupancy was through the consent of said plaintiffs.
After the plaintiffs had proved their possession, the nature and extent thereof, they rested their case.
The first witness called by the defendants was Mr. Paul Mayne, a civil engineer, who was handed a map showing part of the property of Krotz Springs south of Second Street. When defendants’ witness started to answer the question as to whether or not the witness made the map, plaintiffs objected to any testimony concerning maps, plats or surveys for the reason that the proceeding was a possessory action and such testimony would tend if admitted without objection to enlarge the pleadings and convert the suit into a peti-tory action which could only be done by the consent of the parties. In answer to the objection defendants’ counsel made this statement:
*117 “I am not trying to prove title to the property which they describe in their petition possession of which we took. What I propose to put the witness on the stand to prove is as to that possession and show how that possession came about. In other words, if you have property and you permit me to use it for certain purposes, you can’t claim possessory action when the time is past. In other words they said here and claim ownership of numerous lots up to Lot 13, and they say we are in possession of Lot 12 along with the other lots they gave. Right in the face of the petition they set forth that they have lots up to Lot 12 and no wheres in that petition do they say that we are taking possession of Lot 13, or 14, 15, or 16. They say we are in possession of lots up to 12. Now, that is what they say we are in possession of. I want to show that we are not in possession of 12.”
The court then admonished counsel that the court had decided that a map or plat is not admissible in a possessory action to show title or boundary. The court stated to counsel that plaintiffs did not contend that the defendants were in possession of Lot 12. At this point counsel for defendants called attention to the court to the description of the land in plaintiffs’ petition and that the purpose for putting the witness on the stand is to show that the defendants are not in possession of any Lots 6, 7, 8, 9, 10, 11, and 12 and that he proposed to show by the witness that defendants are not in possession of any property which the plaintiffs claim that defendants are in possession of and that there is no claim by plaintiffs that they were possessing a portion of defendants’ land. The court thereupon sustained the objection and limited the testimony to one of possession.
Defendants’ counsel then informed the court that he would not introduce any testimony, that his clients had been sued for having taken possession of Lot 12 and that he was just going to let the court decide the case and that he would take an appeal for his clients.
The court stated that the plaintiffs having established their possession for a period of twelve months preceding the alleged disturbance on May 15, 1953, and having brought the action within a year thereafter were entitled to judgment in view of the fact that the defendants offered no testimony when the court refused to permit him to offer a survey, map or plat, or submit evidence on the question of title.
We have carefully studied the record as well as colloquy between the court and counsel as reported by the reporter in the light of the answer of the defendants and it is our opinion that the trial judge correctly maintained the objection. The only question involved in a possessory action is a question of possession and the disturbance. The only time a question of title becomes important is to show the nature and extent of possession. The title of plaintiffs was not offered in evidence. Neither was the title of defendants. Plaintiffs alleged that they owned certain land and alleged that defendants owned certain described lands. This is admitted by the pleadings. Plaintiffs also alleged that defendants’ land joined plaintiffs’ land on the east and that the disturbance took place along the old eastern boundary where the old fence had been which separated the two properties and that defendants had built a cross fence between where the old fence and the barrow pit what created the disturbance. The question of whether the disturbance was on Lot 12 or Lot 13 and the location of the property is unimportant. If it was west of that part where the old boundary line was where the fence was built up to the east side of the barrow pit. That is the property plaintiffs said they were in possession of as owners and on which they were disturbed. The question of where the proper location of the boundary or where the new fence was built and whether it was on plaintiffs’ or defendants’ property could not be gone into in a posses-sory action. That is all the court said and we think that his ruling was correct *118 Harrison v. Butler, La.App., 167 So. 141; Ebarb v. Stacey, 16 La.App. 248, 133 So. 793.
For the reasons assigned the judgment appealed from is affirmed.