On Application for Rehearing
PER CURIAM.
In application for rehearing, counsel for plaintiffs-appellants for the first time suggest that the present matter is a possessory action coupled with a prayer for damages and that the trial court (as well as this court on appeal) erred in otherwise considering appellants’ demands. Additionally, learned counsel urges that defendant was without right to herein demand the fixing of a boundary between the estates of the parties by way of reconventional demand for the reason that, in a possessory action, title or boundary is of no moment — the sole issue being limited to the question of plaintiffs’ alleged possession.
At the time of institution of the present suit, the possessory action to which counsel for appellants alludes was governed by Article 49 of the Louisiana Code of Practice which provides in effect that the plaintiff in a possessory action must allege and prove (1) real and actual possession at the time of disturbance; (2) quiet and uninterrupted possession as owner for more than a year prior to the disturbance; (3) a real disturbance in fact or in law, and (4) institution of the suit within a year of the disturbance. Additional requisites of the pos-sessory action are prescribed in Articles 6 and 47 of our Code of Practice which set forth that plaintiff in a possessory action must pray to be maintained in or restored to the possession in which he has been disturbed or from which he suffered eviction.
At the time of the filing of this present action the law of this state was established to the effect that a possessory action may be coupled with an application for injunctive relief but that the two actions are not identical. Albert Hanson Lumber *770 Co. v. Baldwin Lumber Co., 126 La. 347, 52 So. 537.
In their original petition in the trial court applicants alleged virtually all elements of the possessory action excepting disturbance in or eviction from possession. Our reexamination of said petition discloses that what plaintiffs actually allege therein is a trespass denominated therein as such. Moreover, the petition does not pray that plaintiffs be maintained in or restored to possession of property but rather asks for injunctive relief against an asserted continuing trespass and judgment for damages allegedly sustained because of certain reputed tortious actions on the part of defendant.
Assuming, arguendo, the petition meets all requirements of the possessory action insofar as allegations are concerned, plaintiffs have failed to prove either the extent of their possession, a disturbance therein or eviction therefrom.
In our original opinion we stated the following :
“We shall next consider the propriety of the action of the trial court in fixing the boundary between the properties of the litigants at bar.
“There can be little doubt of defendant’s right to request by way of recon-ventional demand that the boundary be fixed between these contiguous estates. Our law expressly provides that either of the owners of contiguous estates has the absolute right to have the boundary judicially determined where the boundary has never been established according to law or when bounds formerly fixed are no longer to be seen. LSA-R.C.C. Articles 823, 824. So important is this right that it has been declared imprescriptible. Article 825, LSA-R.C.C.”
While it is unquestionably the rule in this state that a boundary action is im-prescriptible, the foregoing pronouncement is acknowledged to be inaccurate insofar as it implies the unqualified right to assert the privilege of a boundary action by recon-ventional demand.
However, appellants’ contention that the trial court improperly permitted defendant to raise the question of boundary in the instant case is without merit in view of the pleadings filed by plaintiff and the procedure followed in the court below. The jurisprudence cited by applicants does not support their position in this regard.
Bryson v. George, La.App., 31 So.2d 492, cited and relied upon by applicants is. not necessarily decisive of the issue presented on this application for rehearing. The court therein expressly recognized plaintiff’s right to be restored to and maintained in possession of the property involved therein. Presumably, under such circumstances, plaintiff’s petition contained the requisite allegations and prayer.
Applicants also rely upon Harrison v. Butler, La.App., 167 So. 141, which involved a possessory action wherein all necessary allegations were contained in plaintiff’s petition. Defendants attempted to introduce evidence regarding title and survey but upon plaintiff’s objection the testimony was ruled inadmissible in a possessory action.
The same result was reached in Ducote v. Barras, La.App., 77 So.2d 115, pursuant to objection by defendant therein to the introduction of maps, plats and survey in a purely possessory action. In the case at bar no such objection was tendered on behalf of plaintiffs.
The next case relied upon by counsel for plaintiff is Ebarbo v. Stacey, 16 La.App. 248, 133 So. 793. Our examination of the cited decision discloses it to be authority for the proposition that upon timely objection by plaintiff a possessory action may not be converted into a boundary suit. To the same effect is Haas v. Currie, 169 La. 1041, 126 So. 547, which concerned defendant’s *771 attempt to convert a possessory action into a petitory action.
Because of the nature of the allegations in plaintiff’s petition, the instant suit is analogous to Brumfield v. Cryer, La.App., 154 So. 662, in which plaintiff prayed for damages for alleged trespass similar to those relied upon by applicants. In the Brumfield case establishment of a boundary was deemed necessary to a decision of the issues presented. The views therein expressed are deemed peculiarly applicable to the case at bar.
We conclude therefore the present action is not a possessory action as defined by the appropriate articles of our Code of Practice but rather an action for damages for trespass coupled with a demand for injunctive relief.
Since determination of the boundary between the contiguous estates of the litigants is an indispensable prerequisite to the resolution of the issues presented, the application for rehearing is therefore denied.
Rehearing denied.