THOMAS, Appellant, v. CITY OF NEW ORLEANS AND REILLY

(Oct. 18, 1926. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Judgment—Par. 175, 197.**

A judgment rendered in a suit by A against B is properly pleaded on behalf of B as res judicata in a subsequent suit by A against B and C in solido, when the allegations set up the same cause of action and the same object. The mere addition of C as a co-defendant is immaterial.

Appeal from Civil District Court, Div. "B", Hon. Porter Parker, Judge.

Action by Elizabeth Thomas against City of New Orleans and Mrs. Therrence Reilly.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

J. J. Wingrave, of New Orleans, attorney for plaintiff, appellant.

Michael Irwin, B. I. Cahn, of New Orleans, attorneys for defendants, appellees.

WESTERFIELD, J.    This is an appeal from a judgment maintaining a plea of res judicata.

Plaintiff originally sued Mrs. Therrence Reilly for damages for physical injuries alleged to have been sustained by her by reason of a fall caused by a hole in the sidewalk in front of Mrs. Reilly's house.

To this suit Mrs. Reilly filed an exception of no cause of action which was maintained and the suit dismissed on the ground that front proprietors are not liable for injuries sustained by pedestrians, caused by defective sidewalks.

Thereupon counsel brings another suit (the case at bar) in which he alleges the same cause of action and joins both Mrs. Reilly and the City of New Orleans as defendants solidarily liable. To this second suit a plea of res judicata was filed on behalf of Mrs. Reilly and maintained. The only contention made by counsel for appellant is that the second suit differs from the first because in the second suit the City is also made defendant. There is of course, no force to this contention. R. C. C. 2286 provides:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

The expression "between the same parties" used in the quoted article does not mean that the article has no application where a new suit containing the same allegations between the same parties with another defendant added is brought. Such interpretation would amount to an absurdity.

It is ordered that the judgment appealed from be affirmed.