**190 So. 372**

**HUNTER v. FORREST.**

No. 35361.

June 26, 1939.

S. I. Foster, of Leesville, for appellant.

T. F. Hunter and Hunter & Neilson, all of Alexandria, for appellee.

ODOM, Justice.

There is no merit in the motion to dismiss. The judgment was read and signed in open court on March 10, 1939, and the following minute entry was then and there made:

"Upon the request of counsel for defendant by letter, in the presence of opposing counsel in open Court, a suspensive and devolutive appeal was prayed for upon behalf of defendant and granted, made returnable to the Honorable, the Supreme Court of Louisiana, at New Orleans, Louisiana, on Monday, May 8th, 1939, the devolutive appeal bond being fixed by the Court in the sum of $300.00, the suspensive appeal bond being fixed by the Court in the sum of $500.00.

"Suspensive appeal bond and devolutive appeal bond filed."

The appeal was lodged in this court within the time specified. Counsel for appellee moved to dismiss the appeal on the ground:

"That there has been no application for appeal, either by petition or motion in open court, on behalf of the defendant herein, John. M. Forrest. * * *

"That neither defendant herein nor his counsel have appeared in open court and moved for an appeal herein, nor have they presented a motion for appeal, the appeals herein having been granted merely upon the production of the letter hereinabove referred to."

Article 573 of the Code of Practice provides that whoever intends to appeal "may do so either *by petition or by motion* in open court, at the same term at which the judgment was rendered".

Counsel for appellee in support of their motion to dismiss have filed a brief in which they argue that one desiring an appeal must move for it "personally" or by counsel "in person". They say:

"No one else can seek an appeal on his behalf. If he desires the aid of the Appellate Court he must ask for it himself, and in accordance with the established rules of law. * * * His failure so to do evinces satisfaction on his part with the judgment rendered and concludes the litigation."

As shown by the record, the appeal in this case was sought by appellant through his counsel. While counsel was not personally present in open court, he was represented by the clerk of court, who presented to the judge a letter addressed to him by counsel, requesting that the appeal be granted. There was therefore a motion in open court for the appeal, counsel being represented by the clerk. The judge thought this was sufficient. Counsel for appellee were then present in open court, taking full cognizance of the proceeding. If they had thought that there was any irregularity in the granting of the appeal, then was the time and there was the place to raise the objection.

The motion to dismiss is denied.