193 So. 583

## HENNINGTON v. PETROLEUM HEAT & POWER CO. OF LOUISIANA, Inc.

### No. 35492.

### Jan. 9, 1940.

Modisette & Adams, of Jennings, for appellants.

Bruner & Chambers, of Crowley, for Standard Oil Field Supply Co.

Welton Mouton, of Lafayette, for Maryland Casualty Co.

HIGGINS, Justice.

This is an appeal from a judgment of the district court, denying and rejecting the appellants' application for judgment in their favor, based upon a confession of judgment by their alleged debtor, against a fund deposited in the registry of the court by a Surety Company, in a concursus proceeding.

The facts and circumstances, under which the controversy arose, are as follows:

Bud Hennington instituted suit on an "oil drilling contract" and a "rental contract" against the Petroleum Heat and Power Company of La., Inc., and provisionally seized under his alleged lien and privilege certain movable property. The Maryland Casualty Company executed a forthcoming bond in behalf of the defendant for the release of the property provisionally seized. Judgment was rendered in favor of the plaintiff and against the defendant, with recognition of the plaintiff's lien and privilege on the property seized and with reservation of the plaintiff's right to institute appropriate proceedings against the Surety in the event the released property was not returned and subjected to execution. The defendant failed to pay the judgment or return the property.

It appears that Hennington owed a number of creditors for materials and services, all of whom made claim against the Surety for payment of their alleged privileged claims, as the debtor was insolvent. The Surety Company, in the same suit, filed a petition for a concursus proceeding, reciting the fact that it held $3,329.43, which it owed to Hennington by virtue of his judgment, deposited the money in the registry of the court, cited all of the claimants for the purpose of asserting their alleged rights against the said fund, and asked for its discharge as Surety.

The Standard Oil Field Supply Company filed an answer to the concursus petition, alleging that Hennington, on May 10, 1938, assigned to it $2,000 of the "rental contract" upon which the monied judgment was obtained, "in consideration of the aid and assistance furnished, and to be furnished," to Hennington; that the assignment was made in good faith in the regular course of business and was duly accepted by the Petroleum Heat & Power Company of La., Inc.; that it made due claim upon the Surety Company for the $2,000 assigned to it, and prayed that it be decreed the owner of $2,000 of the funds deposited, and that said sum be "paid to it by preference and priority over all other persons."

Modisette and Adams, attorneys-at-law, in behalf of themselves and their clients, also answered the concursus petition of the Surety Company, averring that they were preferred creditors of Hennington; that the attorneys had rendered services in obtaining the judgment in favor of Hennington against the Petroleum Heat and Power Company of La., Inc., and therefore, had a first lien and privilege, under Act No. 124 of 1906, on the proceeds deposited, and were entitled to be paid by preference and priority over all other claimants; that their several named clients were also preferred creditors for services rendered and materials furnished to Hennington and were entitled to be paid by preference and priority out of the fund over all other claimants, except Modisette and Adams; that the alleged assignment by Hennington to the Standard Oil Field Supply Company was illegal, because it was an attempt on the part of the Supply Company to gain a preference over the other creditors of Hennington, since Hennington was known to be insolvent at the time the assignment was made, the sole consideration for the assignment being a pre-existing debt. They prayed that the

pretended assignment be declared null and void, because it was an attempt to gain an illegal preference; and that their claims and liens be recognized and they be paid by preference and priority over the Supply Company or any other creditor out of the funds.

Three other creditors represented by Modisette and Adams, as attorneys, also filed an intervention and third opposition in the concursus proceedings, claiming to be preferred creditors who were entitled to share ratably with all of the other creditors, except Modisette and Adams, attorneys, who were first preferred creditors, and attacked the assignment of Hennington to the Supply Company on the ground that it was illegal and a fraudulent attempt to give an unlawful preference. They prayed to be recognized by preference and priority over the Supply Company out of the money deposited in the registry of the court. They annexed to their petition an affidavit by Hennington that the Supply Company's representative knew that Hennington was insolvent at the time the assignment was made on May 10, 1938.

With the issues as thus made up, the case was set for trial. Before the date of the trial Hennington executed a confession of judgment in notarial form, reciting the facts in the case and stating that in order to save the cost of court and expenses, he acknowledged and confessed his indebtedness to the named creditors (all clients of Modisette and Adams) in the amounts set forth, and recognized the first lien and privilege of the attorneys for their fee of $1,500, which was to "be paid out of the proceeds of the said judgment." Nothing is said in the document about the lien and privilege of the other creditors, but it is recited that they are to be considered of equal rank and that Hennington was not attempting to give a preference to any of them over each other. It was stipulated that the judgment should be signed and become executory at once. There was no reservation of the rights of the other claimants. Modisette and Adams moved for a judgment on the notarial confession and the attorney for the Standard Oil Field Supply Company orally objected thereto on the ground that such action would be prejudicial to his client's claim against the fund and deprive him of an opportunity to cross-examine the alleged creditors, in whose favor the judgment had been confessed, to show that they were not in fact creditors and had neither a lien nor privilege upon the money deposited.

The court took the matter under advisement and on June 7, 1939, on motion of the Standard Oil Field Supply Company, signed an ex parte order, staying the motion for a judgment based upon the confession of judgment and referring the entire matter to the trial of the concursus proceedings. The next day the court rendered judgment, denying the appellants' motion for a judgment on the confession and rejected the same. Modisette and Adams, et als., appealed.

A reading of the confession of judgment in connection with the pleadings in the concursus proceedings shows that the appellants were seeking to have the court grant

them a judgment based upon the confession, which would recognize them as creditors of Hennington with liens and privileges on the money deposited. This proposed judgment, by the express terms of the confession, was to be signed at once and to become executory immediately. With such a judgment appellants could have seized the fund on deposit under a writ of fieri facias and the Supply Company, in order to protect its asserted rights against the fund, would have had to resort to injunction proceedings. This would have been an entirely useless and unnecessary move on the part of the appellants as their rights were already protected.

As the Supply Company was a party to the concursus proceedings and its attorneys had been previously handed a copy of the confession of judgment and the proposed judgment, if they had not objected to the appellants' motion for judgment, they might have placed their client in the position of being estopped to thereafter deny the alleged superior rights of appellants. This is especially true since the attorneys' fees alone amounted to $1,500, and if this sum were withdrawn from the fund, the balance would have been insufficient to pay the Supply Company's claim as the owner of $2,000 of the funds.

If the Supply Company's claim as the owner of $2,000 of the funds failed, it might well be entitled, even under the allegations of the appellants' pleadings, to show that it was a creditor of Hennington, for appellants state that the assignment was made in consideration of a pre-existing debt due the Supply Company by Hennington.

Furthermore, in the pleadings of the appellants in the concursus proceedings they allege that they are creditors of Hennington and, as creditors, have a lien and privilege on the fund. As creditors, they also attacked the assignment made to the Supply Company. The Supply Company, therefore, was entitled to require appellants to prove the allegations of their pleadings just as the appellants had a right, as adverse claimants of the funds, to require the Supply Company to prove the allegations of its pleadings. In a concursus proceeding each claimant occupies a dual position of plaintiff and defendant with reference to the other claimants. Consequently, as the whole controversy is over the money deposited, none of the parties to the concursus proceedings would have the right to obtain a judgment against the debtor, contradictorily with him alone or with his consent only, recognizing his lien on the funds, when such judgment might be said to bind the other claimants as being the law of the case. This would only cause confusion and prolongation of the litigation, instead of simplifying and speedily ending the same.

Of course, this is contrary to the purpose and spirit of Act No. 123 of 1922, under which the parties litigant have acted in presenting the respective issues in the concursus proceedings to the court. The Act was passed in order to avoid a multiplicity of suits and actions, and contemplates a proceeding leading to one

judgment, which finally adjudicates all the issues between all the parties.

It is our opinion that the district judge adopted the correct view with reference to the motion to obtain a judgment based on the confession of judgment by referring the same to the trial of the concursus matter. However, the complaint of the appellants that this was done by an ex parte motion and order is justified, because appellants were entitled to notice thereof.

In the judgment appealed from, our learned brother below denied the demand for judgment on the confession and rejected it. This was inconsistent with his former ex parte order, in which he referred the matter to the concursus trial. It is said that the judgment should be interpreted to mean the same as the order referring the motion and confession of judgment to the hearing in the concursus matter. We cannot agree with this conclusion, because the decree of the judgment expressly denied and rejected the plaintiff's demand for judgment on the confession. Appellants, under such a decree, might be met by Hennington in the trial of the concursus matter with a plea of res adjudicata.

Counsel for the appellants have referred us to certain cases said to be in point, namely, Small v. Zacharie, 4 Rob. 144; Skinner et al. v. Dameron, 5 Rob. 447; Sample v. Wheless, 159 La. 844, 106 So. 325, and cases therein cited; Stein v. Lazarus Brunner, 42 La.Ann. 772, 7 So. 718, and cases therein cited; and State ex rel. Fitzpatrick-Cromwell Co. v. Ellis, 106 La. 715, 31 So. 313. These authorities are not pertinent, because in those cases the facts and circumstances were such that they could not possibly be construed as judgments affecting the rights of third persons, who were not parties to the litigation. Furthermore, they were not concursus proceedings.

For the reasons assigned, the judgment appealed from is annulled and set aside, and it is now ordered, adjudged and decreed that the appellants' motion for a judgment based upon the confession of judgment is referred to the trial of the concursus proceedings, where all of the claimants will have an opportunity to assert their alleged respective rights contradictorily against each other for the funds deposited in the registry of the court and to have their alleged respective liens and privileges, or claims of ownership of the fund, recognized according to their rank and priority, and the case is remanded to the trial court for those purposes. Appellees to pay all costs.