PONDER, Justice.
 

 On a previous occasion this cause was entertained by us find remanded to the lower court for .the introduction of a certain, map, or plat, of a previous survey made .in pursuance to an order of the trial- court and the procés verbal therein. We suggested at that time that a new survey' be made in accordance with j^he description given in the' defendant’s' deed, with the view of establishing the boundary line be
 
 *976
 
 tween plaintiff and defendant because the description given in plaintiff’s deed was not sufficient to establish it. Hunter v. Forrest, 183 La. 434,
 
 164 So. 163.
 

 This suit was originally instituted as a petitory action, but on account of the various pleadings and the issues presented, we arrived at the conclusion that neither of the litigants questioned the title of the other, and that their only difference was as to the location of the- boundary line between them. Such being the case, we concluded the cause had resolved itself to the sole issue as to the location of this boundary line. We were of. the opinion that every possible effort should be made to locate the line in controversy. Since this boundary line could not be established by the description given in the plaintiff’s deed, we suggested that the line might be located by a survey made in accordance with the description given in the defendant’s deed. After' the case was remanded, the lower court ordered a survey of the boundary line to be made in accordance with the description given in the defendant’s deed. Upon trial, the lower court came to the conclusion that the boundary line could not be established by the description given in the defendant’s deed or in the plaintiff’s deed, and applied Article 850, R. C. C., thereby dividing the land equally between the plaintiff and the defendant. From this judgment the defendant has appealed.
 

 The defendant has interposed in this court a plea of ten years prescription as a bar to plaintiff’s right to maintain this suit, based on Article 3478, R. C. C.
 

 Having previously determined that the boundary line could not be established by the description given in the plaintiff’s deed, we were of the opinion that the plat, or map, of the previous survey might render some assistance to this court in establishing the boundary line. From an examination of the procés verbal it appears that this line cannot be established because of the imperfect description given in the plaintiff’s deed. This confirms'the conclusion we previously reached.
 

 After this case was remanded, the lower court ordered a survey to be made of the boundary line in accordance with the description given in defendant’s deed. The surveyors appointed by the court, J. L. Daigre, Rapides Parish Surveyor, and Homer H. Harris, Jr., attempted to make the survey and stated in their procés verbal that the description of the defendant’s property is dependent on the description of plaintiff’s property and that it is impossible to establish that portion of the plaintiff’s line. It was further stated in the procés verbal that the surveyors were of the opinion that it was impossible to definitely establish the boundary line in dispute. The testimony of the surveyors is to the effect that the line cannot be established by the description given in the plaintiff’s deed, or by the description given in defendant’s deed, nor by the description given in both deeds. They testified that the defendant’s deed is dependent on the plaintiff’s deed to establish this line and that because of the imperfect description in plaintiff’s deed, it is impossible to establish it.
 

 
 *978
 
 Two surveyors testified in behalf of the defendant to the effect that the line could be established, but from a careful analysis of their testimony, it is apparent that they would have to depart from the descriptions given in the deeds. Neither of these surveyors made a complete survey of the property. After a partial survey of the property they arrived at the conclusion that the lines could be established. However, they admit that they would have to go beyond the description given in the deeds and correct certain discrepancies therein.
 

 The description given in the defendant’s deed is as follows: “Beginning at a point on Bayou Jean de Jean, in Tp. 4 N. R. 3 West, where the lands of F. H. Neal joined the lands of Joseph W. Swann and run southwest and northwest on line between lands of said F. H. Neal and the said J. W. Swann to the northwest corner of Crane tract in the lake. Thence west on line between said F. H. Neal and said Crane tract to the corner of tract sold by J. W. Swann to Columbus Wilkerson, thence east on line of land sold to said Wilkerson to center of lake or to corner of land sold to said Wilkerson. Thence to turn up said lake to corner of tract sold Wilkerson, thence run south 85 degrees east along line of said Wilkerson across Tp. line between Tps. four N. R. 4 West and four north range three west to said bayou Jean de Jean, thence down said bayou to point of beginning, * *
 

 The property referred to in the defendant’s deed as the tract sold by J. W. Swann to Columbus Wilkerson is the property now owned by the plaintiff. It is apparent from a mere reading of this description that the line of the plaintiff’s property, “the Wilkerson property,” would have to be established in order to establish the defendant’s line.
 

 Since the boundary line between the plaintiff and defendant cannot be established from the description given in either or both of the deeds, the provisions of Article 850, R. C. C., would apply. Article 850, R. C. C. provides: “If the titles exhibited do not mention the quantity of land which each person ought to have, or unless it can be established in a legal manner, the limits must be so fixed as to divide the land equally between them.”
 

 In support of the plea of prescription, the defendant cites Articles 3478, R. C. C. Capra v. Viola, 172 La. 731, 135 So. 41; Soule v. West, 185 La. 655, 170 So. 26; Chaumont Oil Co. v. Le Blanc, 185 La. 640, 170 So. 21; Feazel v. Peek, 189 La. 61, 179 So. 35. The authorities cited are applicable only in a case where the deed is translative of property. They are not applicable in this case because it is impossible to locate the disputed line by the description in either or both of the deeds, and this record contains no records that would aid in the location of the line. Leader Realty Co. v. Taylor, 147 La. 256, 84 So. 648.
 

 It is not sufficient to support this plea that the description in the deed relied upon might be construed to include the land in question. In order to sustain the plea, it is necessary that the deed relied on be prima facie translative of the property in question. The description must include the property in question. ■ Hanson Lumber
 
 *980
 
 Co. v. Angelloz, 118 La. 861, 43 So. 529, Bendernagel v. Foret, 145 La. 115, 81 So. 869. Moreover, since this cause has resolved itself into a boundary suit, the plea would be inapplicable under the provisions of Articles 825 and 852, R. C. C.
 

 For the reasons assigned, the judgment is affirmed at appellant’s cost.
 

 O’NIELL, C. J., absent.