12 So.2d 667

## HUNTER et al. v. FORREST.
### No. 36724.

Feb. 1, 1943.

Rehearing Denied March 8, 1943.

R. A. Fraser, of Many, for appellant.

T. F. Hunter and Walter M. Hunter, both of Alexandria, for appellees.

O'NIELL, Chief Justice.

This is the third time this case has been before the courts. It was originally a

petitory action in which the plaintiffs claimed that the defendant, owning a tract of land adjacent to their tract, had taken possession of a part of their land. But the suit afterwards was dealt with as an action to fix the boundary line between the two tracts. During the trial of the first suit the judge, on his own motion, ordered a survey to be made for the purpose of establishing the dividing line, and for that purpose appointed two surveyors. They made the survey and filed it in court with their proces verbal, but the judge concluded from the testimony of the surveyors that they could not locate the dividing line by reference to the description given in the plaintiff's deed. Hence the judge discarded the survey made by his appointees, and gave judgment ordering the dividing line to be run according to the rule stated in article 850 of the Civil Code,—thus:

"If the titles exhibited do not mention the quantity of land which each person ought to have, or unless it can be established in a legal manner, the limits must be so fixed as to divide the land equally between them."

From that judgment the defendant appealed. This court concluded from the testimony of the surveyors and from other evidence in the record that the dividing line could be located by retracing the lines given in the defendant's deed. The court therefore set aside the judgment appealed from and remanded the case for the purpose of having a new survey made so as to locate definitely the land described in the defendant's title. Hunter v. Forrest, 183 La. 434, 164 So. 163.

Thereafter, the district judge, in obedience of the order of this court, had the land surveyed according to the defendant's title. But after the survey was made the judge concluded that the dividing line could not be located as directed by this court, because the location of the disputed line was dependent upon the location of the boundary line called for in the plaintiffs' deed. The judge therefore again gave judgment ordering the surveyors to locate the dividing line according to the rule stated in article 850 of the Civil Code.

The defendant again appealed and this court affirmed the judgment. Hunter v. Forrest, 195 La. 973, 197 So. 649. The decree was handed down on June 28, 1940, and, as there was no application for a rehearing, became final two weeks after it was rendered.

Thereafter the district judge ordered the parish surveyor to make the survey and establish the dividing line according to the judgment which this court had affirmed on June 28, 1940. The surveyor made the survey establishing the line as directed, and filed his proces verbal and plat in court. The defendant filed an opposition to the proposed approval or homologation of the survey or proces verbal, but after the matter was regularly tried and evidence heard, the judge rejected the defendant's opposition and gave judgment approving the survey. From that judgment the defendant again has appealed. He contends that the area of land allotted to him by the survey which the judge has approved includes land belonging to other parties not parties to this suit, and gives to the plain-

tiffs more land than they are entitled to and in fact more than they sued for. · The appellant contends that the surveyors could have surveyed the land and located the dividing line according to the directions given by this court in its first judgment, and therefore that article 850 of the Civil Code is not applicable to this case. All of this is nothing more or less than to say that the judgment which this court rendered on June 28, 1940, and which became final two weeks later, was not a correct judgment. It is sufficient to say that it was and is yet a final judgment, and is not subject to review. The judgment not only established the law of the case but decided definitely the issue which is argued again by the appellant on this appeal. The only method by which that judgment could have been reversed or amended was by an application by the defendant for a rehearing. The attorney · representing him in this case reminds us that another attorney represented him at the time when the decree of this court was handed down, on June 28, 1940, and did not withdraw from the case until some time after the time allowed for applying for a rehearing had expired; after which time the attorney now representing the defendant was employed. But those facts would not justify our reconsidering the issues which were settled finally by the decree rendered on June 28, 1940. To reconsider an issue as to which the correlative rights of the parties have been adjudged by a final judgment of a court of last resort would do violence to the rights of the party or parties in whose favor the judgment was rendered.

The judgment appealed from is affirmed.