Plaintiff, alleging himself to be the owner and in the real and actual possession, for more than twelve months, of the following described tract of land in Rapides Parish, Louisiana, viz.: "Begin at the North West corner of Section 40, T4N-R4W, North Western District of Louisiana and run South 77 degrees East 35.58 chains thence North 62 degrees 15 minutes East 12.40 chains thence South 4 degrees East along the bank of Bayou Jean de Jean 11.60 chains thence South 11 degrees 30 minutes West 16.95 chains thence North 85 degrees West 34.22 chains thence North 34 degrees 30 minutes West 21.00 chains thence North 13 degrees East 10.40 chains to the point of beginning," instituted this suit, a possessory action, in which he charges that defendant, G.C. Messenger, has interfered *Page 767 
with and disturbed his said possession by going upon the land and, when the suit was filed, was in the act of tearing down a building thereon owned by plaintiff; that when defendant's action was protested by plaintiff, he promised to desist in the illegal destruction of the building but thereafter resumed doing so and was about to remove the material being realized therefrom with intent to convert same to his own personal use. He further alleges that unless restrained from so doing before this case could be tried, defendant will complete his illegal purpose to raze the building and remove the material therein.
Plaintiff prayed for and was granted a temporary restraining order and a rule on defendant to show cause why a preliminary injunction restraining him from destroying and removing said building should not issue.
Answering, the defendant denied that plaintiff was the owner or was in the actual and real possession of the land or the building. He admits that when process was served upon him he was in the act of tearing down the building but ceased such action after said service. He avers, however, that thereafter other persons, not under his control or supervision, completed the demolition of the building and removed all the material realized therefrom. He prays that the temporary restraining order be recalled; that the application for preliminary injunction be denied and that the suit be dismissed at plaintiff's cost.
Trial of the rule resulted in judgment making the same absolute, and ordering the issuance of a preliminary injunction for which prayed. Defendant appealed devolutively.
[1, 2] It was established on trial of the rule that the building involved herein had been completely demolished and the material removed from the land. In view of this situation, appellant makes the point that no good purpose would or could be subserved by issuance of injunction prohibiting him from doing something that has already been done; that could not restore the status quo ante. In effect he argues that the matter is now moot. The point is well taken. It would be a vain and idle thing, as argued, for a court, in such circumstances, to issue an injunction. Nothing could be accomplished by so doing. The jurisprudence of this state well supports the principle which, tersely stated, is that:
"Rights already lost and wrongs already perpetrated cannot be corrected by injunction." See: Adams v. Town of Ruston, 3 La. App. 188, and other cases therein cited; Dunham et al. v. Town of Slidell, 133 La. 212, 62 So. 635; Trevigne v. School Board, 31 La. Ann. 105.
Appellant also complains that the judgment goes beyond the allegations and prayer of the petition in that he was enjoined from "disturbing plaintiff * * * in the possession of said land" in addition to being enjoined from demolishing the building and removing the material taken therefrom. It is contended that from the face of the petition and prayer, as well as from the rule to show cause, it is clear that the only relief sought was to prohibit appellant from tearing down the building and removing the material.
[3] Appellant below and here contends that plaintiff is not now nor has he ever been in the real and actual possession of the land, and, therefore, is not in a position to avail himself of the benefits of the possessory action. If this position is correct, and we have reached the conclusion it is, in view of the evidence in the present record, a decision of the contention that the judgment, in the respect mentioned immediately above is ultra petitionem, becomes unnecessary.
The tract of land claimed by plaintiff and lands adjoining it on the south were the subject of prolonged litigation between him and O.M. Hunter. See: Hunter v. Forrest, 183 La. 434,164 So. 163; Id., 193 La. 179, 190 So. 372; Id., 195 La. 973,197 So. 649; Id., 202 La. 648, 12 So.2d 667.
Finally, a boundary line between the two litigants was located and established by civil engineers appointed by the court and said line thereafter received judicial approval. Judgment recognizing plaintiff as the owner of the tract above described was rendered by the district court of Rapides Parish, contradictorily with Hunter on April 14, 1942.
Article No. 49 of the Code of Practice lays down the requirements for maintaining a possessory action and, as regards the character of possession necessary therefor, says:
"That he should have had the real and actual possession of the property at the instant *Page 768 
when the disturbance occurred; a mere civil or legal possession is not sufficient."
It is further provided in this Article that the possession must have been, except in one instance, quiet and without interruption for more than one year prior to the interruption, and that a real disturbance, in fact or law, must have been suffered.
Plaintiff dates his possession of the land from rendition of the judgment in April, 1942, referred to above, but virtually admits that he has not had the actual, real and/or physical possession or detention of the land or any part of it prior to filing this suit. He intended fencing part or all of the open land for a pasture, but was unable, due to rationing, to acquire the necessary material therefor. He blazed that portion of his boundary line that runs through timber, protected the timber from depredation, has paid the taxes on the property and walked over it occasionally. Beyond these acts he has done nothing that bears the least semblance of real and actual possession.
Defendant does not assert any interest in or title to the land on which the house stood. He was given permission by O.M. Hunter to remove the building. Hunter testified that the house and adjoining land was leased by him from a man by the name of Hawkins for several years prior to and including 1942; that during this time the house was occupied by a sub-tenant. He exercised no possession of the house or any part of the land in 1943 save the gathering of pecans therefrom.
It may be said that plaintiff has the civil or legal possession of the land but that is not sufficient to sustain a possessory action. Code of Practice, Article No. 49; Crichton et al. v. Giddens et al., 148 La. 970, 88 So. 236.
Had he once held the real, actual and physical possession of the land which was followed by civil and legal possession, this would be sufficient for the purpose of the possessory action but such is not the case.
[4] It has been held that the payment of taxes on land, alone, is not an act of real possession. Such act only evinces a purpose to preserve ownership and prevent the selling of the property by the sovereign power to satisfy taxes.
In Jones et al. v. Goss et al., 115 La. 926, 40 So. 357, it was held that the plowing of furrows around a tract of prairie land was not an act of corporeal possession. Frederick et al. v. Goodbee et al., 120 La. 783, 45 So. 606, holds that intermittent cuttings of timber over a long period, of themselves are not acts of real possession.
[5] The possession necessary to a possessory action, it was said in Albert Hanson Lumber Company, Ltd., v. Baldwin Lumber Company, Ltd., 126 La. 347, 52 So. 537, 539, must be "visible, open, and public."
[6] These cases and others dealing with the possessory action clearly reflect the uniform rule established by the courts that nothing less than real and actual possession suffices to sustain such an action, especially when the land, as in this case, is susceptible of such possession.
For the reasons herein assigned, the judgment appealed from is annulled, avoided and reversed; and plaintiff's application for preliminary injunction is dismissed. He is cast for costs of appeal, other costs to await final decision in the case. *Page 769 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 811