Plaintiff filed this suit and tendered for deposit in the registry of the Court with the petition the sum of $1743.75.
The petition set forth that plaintiff had sold certain real estate in the City of Shreveport, Louisiana, upon which a real estate commission in the above amount was due. In paragraph 4 plaintiff alleged:
"Petitioner now shows that Josephine B. Oakley, a feme sole, Mrs. F. M. Talbot, *Page 562 
wife of Dr. F. M. Talbot, Charles E. Easterwood and Carter Henderson, all residents of Caddo Parish, Louisiana, are claiming said sum of One Thousand Seven Hundred Forty-three and 75/100 ($1,743.75) Dollars as commission due by petitioner in negotiating the aforesaid sales."
The named defendants were from two separate real estate firms. Defendant, Mrs. Josephine B. Oakley, answered, making claim to the commission deposited in Court and in reconvention asked that plaintiff be condemned to pay the full sum deposited with interest and costs; asking that the amount deposited in Court be applied in credit against the judgment prayed for and in the alternative, asking that the Clerk pay her the said sum.
Defendants from the other firm answered, setting up a state of facts showing that it had earned a commission of $2125.00 for its services in connection with the sale described in plaintiff's petition and praying for judgment in that amount with interest and costs. In the alternative, it prayed that it be awarded the amount deposited in Court.
Petitioner filed exceptions of no cause or right of action to the reconventional demands and reiterated that it had no interest in the fund deposited and requested that the Court award same to the defendants as their interest might be proven and without costs to plaintiff.
The District Court rendered judgment sustaining the exceptions of no cause or right of action and dismissed the plaintiff's suit. The judgment further sustained the exceptions of no cause or right of action filed by plaintiff to the reconventional demand of all parties and ordered "according to the agreement of counsel" that the money on deposit remain in the custody of the Court until final disposition of the case on appeal.
The right to file the interpleader action is a statutory one. Under these circumstances, the plaintiff, claiming benefit of the act, must allege with certainty the facts which bring his cause under the act's provisions.
Since paragraph 6 of the act, Act No. 123 of 1922, relieves the depositor from the payment of any costs in the proceedings (save the costs of service and citation on persons who do not answer the demand and who do not make any claims upon the money deposited), it follows that the act was intended only to cover situations in which the depositor deposited in full all the money that could be considered due by him to all the claimants
under the facts alleged in the petition.
In the case before us, the petition does not affirmatively show that plaintiff has deposited all the money that might be due under the facts alleged in the petition. The petition sets forth an involved real estate transaction which includes the exchange value as shown in the deeds of transfer, but does not show that this value was agreed upon by the persons cited as claimants or that the value was set by disinterested and qualified persons. Oftentimes, parties who have agreed upon the exchange of property may — for reasons suiting their own purposes — mutually agree on a named value different from the actual market value of the properties exchanged. Hence the amount deposited by the plaintiff in the registry of the court may or may not represent the appropriate value for the purpose of fixing the real estate broker's commission.
It might further be noted that the purpose of the interpleader act is equitable in nature, meaning to protect a person finding himself in possession of money which is not his from having to referee the rights of rival claimants and risk paying same to the wrong party. In the case before us, plaintiff's own action, by his employment of, or dealing with, the two defendants, gave rise to the situation whereby two separate real estate firms are claiming a commission against plaintiff. The language of the petition does not indicate affirmatively that plaintiff did not so act in the proceedings as to owe a commission to both of the real estate firms which were concerned in the involved proceedings and negotiations leading to the final sale.
The purpose of the interpleader act was to avoid a multiplicity of actions. It follows then that if a case is such that the *Page 563 
result of the interpleader action would be to leave unsettled the claims of all cited parties as against the depositor, no good purpose would be served.
In an opinion by Justice Higgins of the Supreme Court in the case of Hennington v. Petroleum Heat Power Company of Louisiana, Inc., 194 La. 188, 193 So. 583, 586, the Court used the following language:
"In a concursus proceeding each claimant occupies a dual position of plaintiff and defendant with reference to the other claimants. Consequently, as the whole controversy is over themoney deposited, none of the parties to the concursus proceedings would have the right to obtain a judgment against the debtor, contradictorily with him alone or with his consent only, recognizing his lien on the funds, when such judgment might be said to bind the other claimants as being the law of the case. This would only cause confusion and prolongation of the litigation, instead of simplifying and speedily ending the same.
"Of course, this is contrary to the purpose and spirit of Act No. 123 of 1922, under which the parties litigant have acted in presenting the respective issues in the concursus proceedings to the court. The Act was passed in order to avoid a multiplicity of suits and actions, and contemplates aproceeding leading to one judgment, which finally adjudicatesall the issues between all the parties." (Italics ours.)
There the point at issue was whether one of the claimants could obtain, contradictorily with the depositor a lien, and the Court declined to recognize a confession of judgment by the depositor in favor of one of the claimants and ordered this issue referred to the trial of the case, when the issue could be tried contradictorily with all claimants.
A reading of this opinion indicates that the Supreme Court interpreted the concursus proceeding as being one in which the depositor is not in fact a party to the issues in controversy, and the opinion supports our holding here that the statute granting the right to deposit was passed to avoid a multiplicity of suits and actions and contemplates a proceeding in which the depositor is not at actual interest and one leading to one judgment finally adjudicating all the issues between all the parties.
The act contemplates a situation in which the applicant shall have come into possession of money or at least of a single sum certain of money, the only issue being, which of rival claimants — as between themselves — is entitled to the money deposited. The act does not cover a situation in which the party may owe a sum equal to the amount deposited to more than one person. The remedy afforded by the act is confined to that in which the issue to be settled is one in which the party beginning the action has no further financial interest — once he has deposited the funds in Court.
The exception to plaintiff's petition was well founded.
We are confronted with the rather unusual proposition that only one of the cited rival claimants filed an exception of no cause or right of action and the question is presented as to whether the case should be dismissed in its entirety or left on the docket as to the named claimant who filed no exception. As a practical proposition, if the Court holds that plaintiff's petition states no cause of action under the interpleader act, the order of dismissal should include the direction to the Clerk to return to plaintiff the money deposited in Court. The action partakes somewhat of an "in rem" proceeding, (Louisiana Oil Refining Corporation v. Williams, et al., 170 La. 218,127 So. 606) and, once the petition is dismissed and the money returned, the res is no longer before the Court for division and the action to effect the distribution under Act No. 123 of 1922 is at an end for all parties and for all purposes. Cases have held that the depositor, under Act No. 123 of 1922, can himself assert no claim to the money deposited in court. This makes the contest in fact one between the rival claimants. We think it logically follows that the claimants cited under interpleader proceedings cannot reconvene against the depositor. *Page 564 
Of course, the maintenance of the exceptions of no cause or right of action herein will preclude none of the cited claimants from pursuing whatever rights they may have against plaintiff herein in connection with the transaction upon which this suit is based.
The learned District Judge sustained the exception of no cause of action to plaintiff's petition and ordered the suit dismissed. He likewise sustained the exception of no cause or right of action to the reconventional demand and ordered the money deposited in the registry of the court to remain on hand until final disposition of the case on appeal.
The judgment appealed from is affirmed and the Clerk of the First Judicial District Court is directed to return the fund deposited, less all costs of these proceedings, to the plaintiff.
TALIAFERRO, KENNON, and HARDY, JJ., sitting.