157 So.2d 752 (1963)
Melvin F. JOHNSON, Plaintiff-Appellant,
v.
Henry LEMONS et al., Defendants-Appellees.
No. 10000.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1963.
*753 Johnson, Morelock, Gatti, Egan & Cook, Shreveport, for appellant.
Eugene J. Coen, Shreveport, for Henry Lemons, James Barber, and Alonzo Lee Lemons, defendants-appellees.
*754 Barham, Wright & Barham, Ruston, for H. C. Miller, defendant-appellee.
Smitherman, Smitherman, Purcell & Lunn, Shreveport, for Mrs. Lucie Leveque Ray and Mrs. Thais E. Ray Soes, defendants-appellees.
Hargrove, Guyton, Van Hook and Hargrove, Shreveport, for James Richard Nowery, John Edward Nowery, and Byron Milton Nowery, Jr., defendants-appellees.
Billy R. Robinson, Bossier City, curator ad hoc for Mrs. Lucille Talley Schneider, Mrs. Marian Schneider Baldwin, Charles Raymond Schneider, and Stephen W. Schneider, defendants-appellees.
Wilkinson, Lewis, Woods & Carmody, Shreveport, for Union Producing Co., defendant and exceptor-appellee.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
By this action, instituted as a petitory action, plaintiff claims title to an undivided 1/10 interest in and to the S ½ of SW¼, Sec. 20, T. 17 N., R. 11 W., Bossier Parish, Louisiana, and seeks to have his title to the land and minerals, to the extent of said fractional interest, recognized. Plaintiff further seeks the cancellation of purported titles and leases of the defendants, allegedly affecting his interest, and prays for an accounting of his alleged royalty interest in the oil and gas taken from said lands from their earliest production. Judgment for damages for the slander of his title to the mineral interest is also sought.
The defendants, Union Producing Company, Mrs. Lucie Leveque Ray, Mrs. Thais E. Ray Soes, James Richard Nowery, John Edward Nowery, and Byron Milton Nowery, Jr., filed pleas of res judicata and of estoppel predicated upon a judgment of the Twenty-Sixth Judicial District Court in and for Bossier Parish, Louisiana, and affirmed on an appeal to this court in the matter of Union Producing Company v. Schneider et al., La.App. 2d Cir., 1961, 131 So.2d 133. Defendant, H. C. Miller, filed a similar plea, however denominated an exception of no cause of action. In sustaining these pleas, the trial court observed:
"Whether on the basis of res judicata, judicial estoppel or the law of the case, plaintiff's claims to the fee title and mineral interest which he attempts to assert herein have been determined adversely to him by a judgment now final * * *."
Pursuant to this conclusion, the pleas were sustained and, from a judgment dismissing his action, plaintiff appealed.
Plaintiff contends that the exception urged by the defendant, H. C. Miller, was not properly filed or served, not having been signed by either the defendant or his counsel. Inasmuch as Miller is not an indispensable party to an action for the establishment of plaintiff's rights or title, no further note of this exception need be made.
A specification assigns as errors the action of the court in holding (1) that the pleas of res judicata were applicable because the things demanded in the two suits were not the same; (2) that the demands in the two suits were founded on the same causes of action; and (3) that the demands made in the two suits were between the same parties and formed by them against each other in the same quality.
A statement as to the factual background of this litigation is deemed appropriate to an understanding and appreciation of the issues presented for determination. By an instrument of February 2, 1953, plaintiff joined, as lessor, in an oil, gas, and mineral lease in favor of Union Producing Company, covering the land above described. Pursuant to the terms of an agreement contained in this instrument, the lessee provoked a concursus proceeding, hereinabove noted, depositing in the registry of *755 the court the royalties attributable to the 1/10 mineral interest claimed by plaintiff in this tract. Impleaded in addition to plaintiff were all other parties who claimed the 1/10 interest adversely to plaintiff. By a judgment dated April 11, 1960, all the claims of Johnson, plaintiff herein, were rejected and the disputed interest was decreed owned by the parties claiming adversely to him. The judgment further determined the proportionate amounts of royalties payable to each of them out of said interest. As stated, that judgment, on appeal by plaintiff herein, was affirmed by this court. The judgment is final.
While the concursus proceeding was pending on appeal, Johnson instituted this action against the Union Producing Company as well as against the other parties to the concursus proceeding, or against their heirs, in addition to Henry Lemons, James Barber, Burton Lemons, and H. C. Miller, who were not made parties to the original suit. The first three are plaintiff's alleged authors or ancestors in title. Miller was allegedly one of several parties slandering plaintiff's title to his mineral interest.
In the concursus proceeding, in answering the petition filed by the Union Producing Company, Johnson alleged
"That he owns an undivided one-tenth (1/10th) interest in the fee title of land and minerals described as S-½ of SW-¼ of Section 20, Township 17 North, Range 11 West, as shown by the following deeds:" (Emphasis added.)
Deed from heirs of Henry and Pennie Lemons, deceased, to Jim Sinney dated May 4, 1937, recorded in C.B. 132, page 68.
Deed from Jim Sinney to Melvin F. Johnson dated May 18, 1937, recorded in C.B. 129, page 134.
Deed from Jim Sinney to William H. Brown dated March 3, 1938, recorded in C.B. 129, page 595.
Deed from William H. Brown to Melvin F. Johnson dated February 2, 1953, recorded in C.B. 240, page 362.
In the present suit, Johnson, through an identical chain of title, makes the same allegations with reference to his ownership. He alleges
"1. That he is the owner by a good and valid recorded deed and is in the actual physical possession of an undivided one-tenth interest in the South one-half of the Southwest Quarter of Section 20, Township 17 North, Range 11 West, containing 80 acres, more or less, in Bossier Parish, Louisiana:
"2. That petitioner acquired said interest from Henry Lemons et al by the following chain of title:"
Deed from Henry Lemons, James Barber and Burton Lemons to Jim Sinney dated May 4, 1937, recorded in C.B. 132, page 68.
Deed from Jim Sinney to Melvin F. Johnson dated May 18, 1937, recorded in C.B. 129, page 134.
Deed from Jim Sinney to William H. Brown dated March 3, 1938, recorded in C.B. 129, page 595.
Deed from William H. Brown to Melvin F. Johnson dated February 2, 1953, recorded in C.B. 240, page 362.
Thus, in the concursus proceeding Johnson claimed, and, in the instant case, is now claiming, the identical 1/10 fee interest in the tract of land. The claims in both suits are founded upon identical instruments and, therefore, upon an identical chain of title. This court, in its opinion, in the concursus proceeding, rejected Johnson's demands and held that the fee title asserted by him was invalid and that, inasmuch as his sole claim to a mineral interest was predicated upon the premise that he was an owner in fee, he was without right to any interest in the funds deposited.
*756 Johnson's claim to the minerals and royalties was founded upon the proposition that the minerals had been lost by liberative prescription and that he, as owner of an undivided 1/10 interest in the fee, acquired 1/10 of the minerals and, hence, 1/10 of the royalty upon reversion of the servitude. The failure of the trial court in the concursus proceedings to recognize his claim to the minerals through reversion to him as a fee owner was specified as an error in his appeal to this court. There, he asserted:
"The final assignment of error is that the lower court erred in not concluding that the mineral servitudes of Ray, Nowery, and Schneider expired by the prescription of ten year non-user and reverted, at least to the extent of a 1/10 mineral interest in the 80 acres, to Johnson, a fee owner."
To determine Johnson's claim to the minerals and royalty through the operation of liberative prescription, which only runs in favor of the surface owner, this court, of necessity, resolved the question of whether or not he was the fee owner. This was specifically made an issue by virtue of his allegations and specifications of error. Johnson's claim to a prescriptive title on the ground that he was a fee owner was rejected. This court stated:
"* * * we have concluded that the fee title asserted by him is invalid. Appellant's sole claim to a mineral interest under the tract in question is admittedly predicated upon the premise that he is an owner in fee. The failure of his fee title is therefore fatal to his attempt to prove an interest in the funds deposited, * * *."
Indeed, for a determination of the question as to whether Johnson was entitled to receive any of the royalties accrued, or to accrue, to an undivided 1/10 interest in the tract of land, this court was called upon to, and did, in fact and of necessity, first determine whether Johnson's claim to a fee interest in the land was valid. This is the identical claim he makes in the present action.
Therefore, we conclude that the first two of plaintiff's specifications of error are without merit. The things demanded in the two suits are the same and the demands are founded on the same instruments, constituting an identical chain of title and, therefore, founded on the same cause of action.
In the third specification of error, it is contended that the demands made in the two suits are not between the same parties and not formed by them against each other in the same quality. This contention has for its basis the fact that in the present action plaintiff has named James Barber, Henry Lemons, Burton Lemons, and H. C. Miller as parties-defendants. By his allegations, plaintiff does not assert that either of these parties claims adversely to him. The first three are, as stated, plaintiff's ancestors in title and through whom, by mesne conveyance, he allegedly acquired title to the interest claimed. No interest is alleged or shown in Miller.
As between all persons, who were parties to the concursus proceeding, and who were all the parties making claim to the 1/10 fee or mineral interest claimed by Johnson, the judgment adjudicating title to said interest and to the royalties paid therefrom is res judicata as to them, and the mere joinder of additional parties cannot affect the rights of those which have already been determined by a final judgment. For instance, it was held in Ledoux v. Burton, 30 La.Ann. 576, as summarized in the syllabus, that
"When the issues in a second suit are the same as those in a previous suit between the same parties, the mere fact that additional parties appear in the second suit will not prevent the judgment in the former suit from having the effect of res adjudicata, as between the parties who appeared *757 in both suits, in the same capacities."
In another instance, a plaintiff sued a property owner for damages caused by his fall on a defective sidewalk. An exception of no cause of action was maintained. Plaintiff thereafter filed a second suit in which he joined the property owner with the municipality. A plea of res judicata was maintained on behalf of the property owner. In so ruling, the court, in Thomas v. City of New Orleans and Reilly, 5 La. App. 108, stated:
"The expression `between the same parties' used in the quoted article does not mean that the article has no application where a new suit containing the same allegations between the same parties with another defendant added is brought. Such interpretation would amount to an absurdity."
Thus, plaintiff herein cannot, by merely adding parties, diminish the force and effect of the peremptory exception of res judicata as between all the parties with whom he has litigated the issues to a final judgment. Nevertheless, it may be pointed out that this court, in the concursus proceeding, held that all of the parties necessary to a determination of the issue of ownership of the undivided 1/10 interest in and to the tract of land were joined. This court stated:
"The exception of no cause or right of action is predicated upon allegations that this concursus proceeding will not lead to a judgment disposing of all issues between the parties inasmuch as all parties having an interest or claim to the money deposited were not joined. In this regard, Johnson contends that instead of joining the Ed Lemons heirs, against whom Johnson had no claim, Union should have joined Henry W. Lemons, Burton Lemons, and James Barber as well as all of the parties who claimed mineral holdings through them. The contentions thus made are, in our opinion, adequately refuted by the briefs submitted to this court on behalf of Union Producing Company wherein it is shown: that regardless of the validity or invalidity of Johnson's ownership claims, James Barber, Henry W. Lemons, and Burton Lemons have sold or oversold their entire mineral interest; * * *. The charges that Union showed favoritism by joining less that all of the parties in interest is, therefore, groundless and unsupported by the evidence. Accordingly, it is our opinion that the concursus was properly filed and that the exception of no cause or right of action is without merit." (131 So.2d 133, 136.)
The form of the proceeding in which a judgment is rendered does not affect the fact of its character as res judicata between the parties thereto and as to the issues determined. Concursus is merely a form of procedure and has been characterized as a facility or means of applying the substantive law. 35 T.L.R., "Concursus," 531, 540.
A purpose of the concursus statute is to avoid a multiplicity of suits and actions, and it contemplates a proceeding leading to a single judgment which finally adjudicates all issues between the parties. California Company v. Price, 234 La. 338, 351, 99 So.2d 743, 747; Amerada Petroleum Corp. v. State Mineral Board, 203 La. 473, 14 So.2d 61; Placid Oil Co. v. George, 221 La. 200, 59 So.2d 120.
As was stated in Trescott v. Lewis, 12 La. Ann. 197, 198,
"The form of procedure is immaterial; if proper parties join issue upon questions, either of law or fact, before a competent court, they must abide by the decision."
The court, in Brady v. Parish of Ascension, 26 La.Ann. 320, stated:
"It matters not in what form the question may have been presented, if *758 the same question, once judicially decided between the same parties be again agitated, it must be regarded as the thing adjudged."
In Terrebonne v. Arabie, La.App. 1st Cir., 1961, 132 So.2d 106, which was an appeal from a judgment dismissing a petitory action on a plea of res judicata predicated upon a prior boundary action, the appellant sought a reversal of the judgment on the ground that, in a boundary suit, title is not an issue, whereas, in a petitory action, title or ownership is the sole and only issue involved. In affirming the judgment maintaining the plea of res judicata, the court stated:
"Any other conclusion would, in substance, remove the fact of finality accorded judgments of courts of record from which only confusion could result. It is elementary that in the event of error in the judgment of a court of record the remedy is by appeal as provided for by law." (132 So.2d 106, 110.)
Referring to LSA-C.C. Arts. 2286 and 3556, which concern the principle of res judicata, the court, in Norah v. Crawford, 218 La. 433, 49 So.2d 751, 754, stated:
"In the interpretation of these codal provisions the following jurisprudence has evolved and become firmly established: `It matters not under what form, whether by petition, exception, rule or intervention, the question be presented, whenever the same question recurs between the same parties, even under a different form or procedure, the exception of res judicata estops.' City Bank of New Orleans v. Walden, 1 La.Ann. 46, 47; Consolidated Association of the Planters of Louisiana v. Mason, 23 La.Ann. 618; Sewell v. Scott, 35 La.Ann. 553; Greenwood Planting and Manufacturing Company v. Whitney Central Trust & Savings Bank, 146 La. 567, 83 So. 832; Carbajal v. Bickmann, 192 La. 56, 187 So. 53. `The estoppel extends to every material obligation or statement which, having been made on one side and denied on the other, was at issue in the cause, and was determined therein.' Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805; Buillard v. Davis, 185 La. 255, 169 So. 78; Succession of Fitzgerald, 192 La. 726, 189 So. 116. `Matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal.' Heroman v. Louisiana Institute of Deaf and Dumb, supra; Pitts v. Neugent, 187 La. 694, 175 So. 460. `Whether the reasons upon which it was based were sound or not, and even if no reason at all were given, the judgment imports absolute verity, and the parties are forever estopped from disputing its correctness.' Heroman v. Louisiana Institute of Deaf and Dumb, supra; City of New Orleans v. Citizens' Bank, 167 U.S. 371, 407, 17 S.Ct. 905, 914, 42 L.Ed. 202, 215." (Emphasis supplied.)
In California Company v. Price, 234 La. 338, 99 So.2d 743, it was held that a judgment in a prior concursus proceeding brought by plaintiff to determine the ownership of a fund representing accumulated oil royalties from wells drilled in a navigable bay, wherein the State had unsuccessfully contended that such property was not susceptible to private ownership and not covered by patent, was binding under the principles of res judicata and judicial estoppel upon the court in subsequent concursus proceedings, between the same parties covering the same property as designated in an amended petition in the first proceeding, and that the State could not relitigate the issue of whether the land was susceptible to private ownership.
In the California Company v. Price case, supra, in addition to holding that the first concursus proceeding was res judicata, *759 the parties were held judicially estopped from relitigating the same questions. There, the court stated:
"Moreover, even if res judicata cannot be strictly applied the parties to this litigation are bound by judicial estoppel which extends to every material allegation or statement made on one side in the prior Price case and denied on the other which was determined in the course of the proceedings." (234 La. 338, 99 So.2d 743, 747.)
See, also, the authorities therein cited.
Moreover, in determining that plaintiff, Johnson, has no title to an undivided interest in the surface, minerals, or royalties in the 80-acre tract of land herein involved this court, in the concursus proceeding, established the law of the case. This doctrine prohibits the reconsideration of issues once decided.
In Hunter et al. v. Forrest, 202 La. 648, 12 So.2d 667, 668-669, with reference to an effort to retry, in a boundary action, an issue which had been previously tried in a petitory action, the court held:
"The judgment not only established the law of the case but decided definitely the issue which is argued again by the appellant on this appeal. * * * To reconsider an issue as to which the correlative rights of the parties have been adjudged by a final judgment of a court of last resort would do violence to the rights of the party or parties in whose favor the judgment was rendered."
See also: State v. Texas Co., 187 La. 287, 174 So. 359; Amerada Petroleum Corp. v. State Mineral Board, 203 La. 473, 485, 14 So.2d 61, 65; Hennington v. Petroleum Heat & Power Co., 194 La. 188, 193 So. 583; Haas v. Cerami, 201 La. 612, 10 So. 2d 61.
In the Hennington case, the court stated:
"In a concursus proceeding each claimant occupies a dual position of plaintiff and defendant with reference to the other claimants. Consequently, as the whole controversy is over the money deposited, none of the parties to the concursus proceedings would have the right to obtain a judgment against the debtor, contradictorily with him alone or with his consent only, recognizing his lien on the funds, when such judgment might be said to bind the other claimants as being the law of the case. This would only cause confusion and prolongation of the litigation, instead of simplifying and speedily ending the same." (194 La. 188, 193 So. 583, 586.)
As heretofore observed, the trial court, by judgment affirmed by this court, has already determined that plaintiff owns no fee or minerals and, hence, is not entitled to receive any royalty from the interest in question. Union Producing Company has paid royalties in accordance with that judgment. These rights, already established in the former concursus proceeding, must be preserved and protected under the principle of the law of the case.
We therefore find no merit in either of the three specifications of error assigned by plaintiff. The former judgment rendered in the concursus proceeding, styled Union Producing Company v. Schneider et al., La.App. 2d Cir., 1961, 131 So.2d 133, constitutes res judicata of the issues herein presented and establishes the law of the present case. Moreover, plaintiff is bound by that judgment and is judicially estopped from reurging the same issues. Thus, he is barred by the principles of res judicata, judicial estoppel, and the law of the case from again asserting title to an undivided interest in fee or in the minerals under the tract herein involved. Therefore, he cannot relitigate his title in a separate action by joining, with the same persons who were parties in the concursus, including the stakeholder, additional parties, and *760 make the same title claim based upon the identical muniments of title and demand an accounting for royalties to which he had been held not entitled.
The pleas and exception were, in our opinion, correctly sustained and the judgment appealed is, therefore, affirmed at plaintiff-appellant's cost.
Affirmed.