PRICE, Judge.
This is an appeal from the judgment in a possessory action dismissing plaintiffs’ demands for failure to state a cause of action.
Markham Allen Dickson, Claudius Markham Dickson, and Paul Meade Dickson acquired title to a 9.6 acre tract of land in Caddo Parish by an exchange deed on July 17, 1975.
They filed this action against A. C. Dominick, III, alleging that on October 10, 1975, they were disturbed in their peaceful possession of this property by Dominick who denied them access to the land and in *980 formed them they would thereafter be barred from it.
Plaintiffs’ original petition alleged the following acts of possession by themselves or their ancestor in title to enable them to bring the possessory action:
1. Paying taxes
2. Hunting on property
3. Surveying of boundary lines
4. Partial fencing of tract
5. Physical inspection of the property
6. Picnicking and social outings on property
In response to the sustaining of defendant’s exception of vagueness, plaintiffs alleged the hunting and camping activities on the property took place on September 21, 22, and December 28, 1974.
Plaintiffs further clarified the allegations of the original petition by specifying the dates of the physical inspection, surveying, and fencing were in September and October, 1975.
Subsequent to the sustaining of the exception of no cause of action, plaintiffs amended their petition to allege an additional act of corporeal possession by their ancestor in title in leasing the land for agricultural purposes. An exception of vagueness was filed requesting specific information as to the date of the lease, the name of the lessee, and the rental received. After plaintiffs failed to supply this information within the delay ordered by the court, a formal judgment was signed dismissing plaintiffs’ demand.
La.C.C.P. Art. 3658 provides the requisites for the possessory action:
To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.
It is apparent from plaintiffs’ original and amended pleadings that, as a matter of law, they have not shown they had the undisturbed corporeal possession of the property for a period of more than one year prior to the alleged disturbance by defendant on October 10, 1975.
The intermittent hunting and recreational activities alleged by plaintiffs were prior to their acquiring title, and plaintiffs lacked the intent to exercise possession of the property as owners. This is insufficient to initiate the beginning of a period of corporeal possession. Norton v. Addie, 337 So.2d 432 (La.1976).
The payment of taxes by plaintiffs’ ancestor in title does not of itself constitute evidence of possession. Forrest v. Messenger, 20 So.2d 766 (La.App. 2nd Cir. 1945).
The surveying of the boundary lines and the partial fencing of the tract occurred less than one year prior to the disturbance.
Since the plaintiffs failed to comply with the exception of vagueness requiring additional facts surrounding the allegation of an agricultural use by their predecessors, the trial court properly dismissed' their demands.
For the reasons given, the judgment is affirmed at appellants’ costs.